HOUSE *v.* MAYO, STATE PRISON CUSTODIAN.

No. 921. Decided February 5, 1945.

*Albert R. House, pro se.*

PER CURIAM.

Petitioner is confined in the Florida state prison under sentence for burglary. He filed a petition for habeas corpus in the United States District Court for Southern Florida, which denied the petition without calling for a return and without a hearing. The district judge also denied a certificate of probable cause for an appeal to the circuit court of appeals under 28 U. S. C. § 466. Section 466 requires such a certificate for an appeal from a judgment denying a petition for habeas corpus when the petition complains of "detention . . . by virtue of process issued out of a State court." Since the statute authorizes either the district court or "a judge of the circuit court of appeals" to issue the certificate, the district judge, in his order, stated that petitioner might apply to a judge of the court of appeals for the certificate and for the allowance of his appeal.

Petitioner thereupon filed with the circuit court of appeals a timely application for an appeal in forma pauperis, addressed to the "Chief Justice" of that court. The appli-

cation was submitted to the court and by it denied on the grounds that petitioner had not presented the certificate of probable cause required by § 466, and that the district judge, on the contrary, had found that no probable cause existed. The court did not consider whether the case was one requiring it or a circuit judge to make the certificate of probable cause.

The case comes here on a motion for leave to file a petition for certiorari and a motion for leave to file a petition for habeas corpus. The questions for decision are: (1) whether this Court has the power to issue a writ of certiorari; (2) if it has, whether it may review the merits of the decision of the district court; and (3) whether the district court erred in denying the petition for habeas corpus on the grounds it assigned for its decision.

This Court cannot issue a writ of certiorari in the present case under § 240 (a) of the Judicial Code, 28 U. S. C. § 347 (a). *Ferguson* v. *District of Columbia,* 270 U. S. 633. Our authority under that section extends only to cases "in a circuit court of appeals, or in the United States Court of Appeals for the District of Columbia." Here the case was never "in" the court of appeals, for want of a certificate of probable cause.

But § 262 of the Judicial Code, 28 U. S. C. § 377, authorizes this Court "to issue all writs not specifically provided for by statute, which may be necessary for the exercise of [its jurisdiction], and agreeable to the usages and principles of law." By virtue of that section we may grant a writ of certiorari to review the action of the court of appeals in declining to allow an appeal to it. *In re 620 Church St. Corp.,* 299 U. S. 24, 26, and cases cited; *Holiday* v. *Johnston,* 313 U. S. 342, 348, n. 2; *Wells* v. *United States,* 318 U. S. 257; *Steffler* v. *United States,* 319 U. S. 38. And not only does our review extend to a determination of whether the circuit court of appeals abused its discretion in refusing to allow the appeal, but if so, it extends

also to questions on the merits sought to be raised by the appeal. See *Holiday* v. *Johnston, supra; Steffler* v. *United States, supra.* We hold that the same principles are applicable here. Hence we are brought to the question whether the district court rightly denied the petition.

Petitioner alleges in his petition for habeas corpus and in supplemental papers filed in the district court, that having completed the service of two earlier sentences, he is now confined in the Florida penitentiary solely by virtue of a twenty-year sentence for burglary. The sentence was originally imposed in 1925 upon his plea of guilty to an information charging the offense. He alleges that he was represented by his own attorney at the trial of the two prior offenses; that his attorney then went to his office in another city, and was to return on September 30 or October 1, 1925; that petitioner was brought before the court to be sentenced for those offenses on September 11, 1925, when his attorney was absent; that without previous warning an information was handed up making the present charge of burglary. Petitioner alleges further that he asked for time to communicate and consult with his attorney, but that this request was denied; that he was forced to plead guilty within a few minutes after receiving a copy of the information; that at that time he was in his twenties, uneducated, and a stranger in the town. The petition also alleged that petitioner had "exhausted all legal remedies . . . to obtain his freedom" in the state courts. In supplemental papers filed with the district court, he made particular reference to the several proceedings in which he had sought unsuccessfully to raise his constitutional question in the state courts.

Since the petition for habeas corpus was denied without requiring the respondent to answer and without a hearing, we must assume that the petitioner's allegations are true. *Williams* v. *Kaiser,* 323 U. S. 471, 473–474. From them it appears that the trial court, without warning, and over

petitioner's protests, forced him to plead to the information without the aid and advice of his counsel, whose presence he requested. This was a denial of petitioner's constitutional right to a fair trial, with the aid and assistance of counsel whom he had retained. *Powell* v. *Alabama,* 287 U. S. 45; *Ex parte Hawk,* 321 U. S. 114, 115–116. We need not consider whether the state would have been required to appoint counsel for petitioner on the facts alleged in the petition. Compare *Betts* v. *Brady,* 316 U. S. 455, with *Williams* v. *Kaiser, supra,* and *Tomkins* v. *Missouri,* 323 U. S. 485. It is enough that petitioner had his own attorney and was not afforded a reasonable opportunity to consult with him. The fact that petitioner pleaded guilty after the denial of his request for time to consult with his counsel, does not deprive him of his constitutional right to counsel. *Williams* v. *Kaiser, supra; Tomkins* v. *Missouri, supra.*

In denying the petition, the district court did not consider whether this deprivation of constitutional right is remediable in a federal habeas corpus proceeding. Cf. *Ex parte Hawk, supra.* In *Waley* v. *Johnston,* 316 U. S. 101, 104–105, and cases cited, we pointed out that the writ is an appropriate remedy in the federal courts in "those exceptional cases where the conviction has been in disregard of the constitutional rights of the accused, and where the writ is the only effective means of preserving his rights," at least where "the facts relied on are dehors the record and their effect on the judgment was not open to consideration and review on appeal." Nor did the district court reach the question whether petitioner had exhausted his state remedies, which is prerequisite to relief by habeas corpus in the federal court. *Ex parte Hawk, supra,* 117. We find it unnecessary to pass on either question in the first instance, or to consider whether the district court should have called for an answer and set the case for a hearing. We express no opinion upon these

questions, since the district court rested its decision wholly on different grounds, which we alone consider here.

The district court was of the opinion that "petitioner has had a full, complete, and competent consideration and decision in the Supreme Court of Florida of all the various matters here sought again to be presented." The district court had reference to the decisions of the Florida Supreme Court referred to by petitioner in his papers filed with the district court. They were: *House* v. *State,* 127 Fla. 145, 172 So. 734, a writ of error from petitioner's conviction; [1] *House* v. *State,* 130 Fla. 400, 177 So. 705, an application for leave to file a coram nobis proceeding; and the denial by the Florida Supreme Court without opinion of three petitions for habeas corpus filed by petitioner. By each form of proceeding petitioner attempted to raise the questions he now raises in the present petition; but in each instance, so far as appears, the Florida Supreme Court, without considering the merits of petitioner's contentions and without affording a hearing on the merits, denied relief to petitioner, on the ground that the particular remedy sought was not the appropriate one under Florida law to raise those contentions. See *House* v. *State,* 127 Fla. 145, 148; *House* v. *State,* 130 Fla. 400, 406; cf. *Skipper* v. *Schumacher,* 124 Fla. 384, 401–404, 169 So. 58.

The district court also referred to a denial by this Court of a petition for certiorari, filed here after the denial by the Florida Supreme Court of one of the applications for habeas corpus. See *House* v. *Mayo,* 322 U. S. 710. The

---

[1] In a habeas corpus proceeding, the Florida Supreme Court decided that the judgment against petitioner, entered in 1927, was defective in that it did not contain an adjudication of guilt. *State ex rel. House* v. *Mayo,* 122 Fla. 23, 164 So. 673. The court remanded petitioner to the trial court for the imposition of a proper sentence. On February 22, 1936, the trial court resentenced petitioner to the same term originally imposed. The opinion referred to in the text, 127 Fla. 145, was on a writ of error from petitioner's conviction, taken after the resentence in 1936.

district court thought that this was an expression "of the opinion that no meritorious question is presented by the matters of which petitioner here complains." But as we have often said, a denial of certiorari by this Court imports no expression of opinion upon the merits of a case. See *Hamilton-Brown Shoe Co.* v. *Wolf Brothers,* 240 U. S. 251, 258; *Seney* v. *Swift & Co.,* 260 U. S. 146, 151; *United States* v. *Carver,* 260 U. S. 482, 490; *Atlantic Coast Line R. Co.* v. *Powe,* 283 U. S. 401, 403–404. It is true that where a state court has considered and adjudicated the merits of a petitioner's contentions, and this Court has either reviewed or declined to review the state court's decision, a federal court will not ordinarily reexamine upon writ of habeas corpus the questions thus adjudicated. See *Ex parte Hawk, supra,* 118. But that rule is inapplicable where, as here, the basis of the state court decision is that the particular remedy sought is not one allowed by state law, for in such a case this Court lacks jurisdiction to review the decision. *Woolsey* v. *Best,* 299 U. S. 1, 2; *New York ex rel. Whitman* v. *Wilson,* 318 U. S. 688, 690; *Williams* v. *Kaiser, supra,* 473, 476–479.

The decision of the district court is thus not supported by the grounds assigned for it, and should have been reversed by the court of appeals. And the judges of that court erred in not considering whether the case was an appropriate one for a certificate of probable cause, as they were authorized to do by 28 U. S. C. § 466. We think that they also erred in not issuing the certificate.

The motions for leave to proceed in forma pauperis and for leave to file the petition for certiorari are granted. The petition for certiorari is granted, the order of the court of appeals and judgment of the district court are reversed and the cause is remanded to the district court for further proceedings in conformity to this opinion.

The motion for leave to file a petition for habeas corpus in this court is denied. *Ex parte Abernathy,* 320 U. S. 219; *Ex parte Hawk, supra.*

*So ordered.*

Mr. Justice Roberts is of opinion that the writ of certiorari should be denied.