**BAILEY v. STOUTAMIRE, Sheriff, et al.**

**No. 11668.**

Circuit Court of Appeals, Fifth Circuit.

May 22, 1946.

Rehearing Denied June 21, 1946.

Wm. W. Flournoy, of De Funiak Springs, Fla., for petitioner.

Tom Watson, Atty. Gen. of Florida, and Cecil T. Farrington and Reeves Bowen, Asst. Attys. Gen. of Florida, for respondents.

Before HUTCHESON, HOLMES, and LEE, Circuit Judges.

PER CURIAM.

Petitioner filed an application in the United States District Court for the Northern District of Florida for a writ of habeas corpus. The petition denied, he applied to the District Judge under 28 U.S.C.A. § 466 for a certificate of probable cause for an appeal to this court, and that he be allowed to appeal in forma pauperis. The District Judge on April 26, 1946, denied these petitions, and petitioner is here seeking from this court a certificate of probable cause and an order allowing a forma pauperis appeal. Notice having been served on respondents that petitioner would apply to this court for the above relief, petitioner and respondents appeared, and the petition was fully presented to and heard by the court.

As developed on the hearing, these are the undisputed facts: On September 21,

1943, Bailey was found by a jury, of the Circuit Court of the 14th Judicial Circuit for Bay County, Florida, and on September 29, 1943, was adjudged by the court, to be guilty of the crime of murder in the first degree, and was sentenced by the court to death by electrocution. From that judgment and sentence he duly appealed to the Supreme Court of Florida,. which court on January 9, 1945, affirmed the judgment and sentence, and on March 9, 1945, denied his petition for rehearing.[1] His petition to the Supreme Court of the United States for writ of certiorari to the Supreme Court of Florida denied, Bailey v. State, 325 U.S. 890, 65 S.Ct. 1580, 89 L.Ed. 2003, Bailey filed in the Supreme Court of Florida a first and second petition for writ of error coram nobis, Bailey v. State, 155 Fla. 819, 21 So.2d 714. Both were denied, and each denial was followed by a denial by the Supreme Court of the United States of a petition for writ of certiorari, Bailey v. State, 66 S.Ct. 16. Thereafter, he filed in the Supreme Court of Florida a writ of habeas corpus, and this denied, he filed in the Supreme Court of the United States a petition for certiorari, which was also denied, Bailey v. State, 66 S.Ct. 520. After all of this, he then filed the petition for habeas corpus for which he now seeks a certificate of probable cause.

▮ In each of the petitions coram nobis and in the petition for habeas corpus, petitioner presented, and now presents, the single point presented and determined against him in the trial court and on his appeal, that in the manner of the selection of the jury to try him he was denied due process. It thus appears that in now seeking a writ of habeas corpus he is seeking only to re-hear and re-litigate the same matter of state law which has been time and again determined against him in the state court. He thus finds himself confronted by the rule laid down by the Supreme Court of the United States and uniformly enforced in the federal courts. This rule is: "Where a state court has considered and adjudicated the merits of a petitioner's contentions, and this Court

has either reviewed or declined to review the state court's decision, a federal court will not ordinarily re-examine upon writ of habeas corpus the questions. thus adjudicated." [2] Petitioner, realizing the difficulty of his position, seeks to avoid it by the claim that the decision of the Supreme Court of Florida was contrary to natural justice and the point determined by it may, and should, therefore, be again re-examined in the federal court. We cannot at all agree.

▮ Aside from the fact that in his various applications to the Supreme Court of the United States for a writ of certiorari, Bailey v. State, 66 S.Ct. 520, he has many times without avail presented this matter for federal cognizance, we think it quite plain that the decision of the state court was in no sense contrary to natural justice but, on the contrary, was one which might in all reason have been entertained and announced. We are quite clear, therefore, that petitioner has made out no case for a certificate of probable cause and none for the allowance of an appeal, and that his petition should be denied.

---

[1] Bailey v. State, 155 Fla. 597, 21 So. 2d 217.

[2] House v. Mayo, 324 U.S. 42, at page 48, 65 S.Ct. 517, at page 521, 89 L.Ed. 739; Cf. Ex.parte Waller, 62 S.Ct. 1313.