### MOORE v. BENSON, Warden.
### No. 10278.

Circuit Court of Appeals, Sixth Circuit.

Dec. 4, 1946.

Charles LeRoy Moore, of Marquette, Mich., in pro. per., for appellant.

Perry A. Maynard, of Lansing, Mich., for appellee.

Before HICKS, ALLEN, and MARTIN, Circuit Judges.

PER CURIAM.

This cause has been duly considered on the record, and on the briefs submitted, respectively, by the appellant-petitioner, Charles LeRoy Moore, and by the appellee, Ralph E. Benson, Warden; and it appearing that the petitioner, now appellant, filed on April 18, 1945, a petition for a writ of habeas corpus in the United States District Court for the Western District of Michigan, and that after a full hearing, at which testimony was received on behalf of both the petitioner and the respondent, the petition was dismissed and the petitioner was remanded to the custody of the respondent warden for the reason stated in the opinion of the district court that the petitioner had failed to allege or prove that he had exhausted his remedies in the state court (McCrea v. Jackson, Warden, 6 Cir., 148 F.2d 193; House v. Mayo, 324 U.S. 42, 65 S.Ct. 517, 89 L.Ed. 739; Ex parte Hawk, 321 U.S. 114, 64 S. Ct. 448, 88 L.Ed. 572; Lutz v. Ragen and White v. Ragen, 324 U.S. 760, 65 S.Ct. 978, 89 L.Ed. 1348) ; and it appearing that on December 13, 1945, the petitioner filed a petition in the Supreme Court of Michigan for a writ of habeas corpus to which an answer was filed by the appellee warden, and that the State Supreme Court denied the application for the writ, following which no application for a writ of certiorari was made by petitioner to the Supreme Court of the United States, but that on March 29, 1946, appellant-petitioner filed a new petition in the same United States District Court seeking a writ of habeas corpus upon substantially the same grounds upon which his first petition to that court had been made; and that this second application was dismissed on the motion of the Attorney General of Michigan based upon the failure of the petitioner to exhaust his state remedies upon Federal questions (non-Federal questions having become res adjudicata) ; and it appearing here, as it did in Schuchardt v. Benson, Warden, decided by this court on November 18, 1946, that no application for a writ of certiorari to review the denial of the writ of habeas corpus by the Supreme Court of Michigan has been made to the Supreme Court of the

United States, and that the petitioner has therefore not exhausted the state remedies available to him,

It is ordered, that the judgment of the district court denying the petition for a writ of habeas corpus be and is hereby affirmed.