**UNITED STATES ex rel. RISTICH v. RAGEN, Warden.**

No. 9302.

Circuit Court of Appeals, Seventh Circuit.

May 17, 1947.

Peter Ristich, of Joliet, Ill., for appellant.

George F. Barrett, Atty. Gen., for appellee.

Before EVANS and KERNER, Circuit Judges.

KERNER, Circuit Judge.

In this cause petitioner has heretofore filed his petition for a writ of habeas corpus in the District Court of the United States for the Northern District of Illinois, Eastern Division, and that court denied his petition for want of jurisdiction and also denied his motion for a certificate of probable cause.

And it now appears that petitioner has filed in this court an application for a certificate of probable cause.

We have examined the record and find that petitioner seeks his release by habeas corpus from confinement in the Illinois State Penitentiary, where he is confined pursuant to a judgment of the Criminal Court of Cook County, Illinois, for the crime of burglary.

The record discloses that petitioner was indicted by a duly constituted grand jury; that petitioner was furnished with a copy of the indictment and a list of the names of witnesses; that he was duly arraigned and that he pleaded not guilty; that when it appeared to the trial judge that petitioner was not represented by counsel, the court of its own motion appointed the public defender of Cook County, Illinois, as his attorney and the cause was continued; that thereafter, the case having come to trial before the Criminal Court of Cook County, Illinois, a court of competent jurisdiction, petitioner and his counsel waived the intervention of a jury, witnesses were heard, and the court being fully advised found the petitioner guilty as charged in the indictment.

In his petition, petitioner attacked the validity of the judgment as being in violation of his constitutional rights on the grounds that the trial court was without jurisdiction to proceed to trial and to render judgment, and that he was denied due process of law and the equal protection of the laws in violation of the Fourteenth Amendment to the Constitution of the United States.

In the petition for a certificate of probable cause, it appears that petitioner filed a petition in the Supreme Court of Illinois, to review the judgment of the Criminal Court of Cook County, but that court affirmed the judgment; that thereafter he

filed a petition in the Supreme Court of the United States for a writ of certiorari, to review the judgment of the Supreme Court of Illinois and that, too, was denied. Ristich v. People of the State of Illinois, 327 U.S. 810, 66 S.Ct. 970, 90 L.Ed. 1034. It also appears that prior to the filing of his petition for a habeas corpus in this cause, petitioner filed petitions for a writ of habeas corpus in the Circuit Court of Will County, Illinois, the county in which he is incarcerated, in the Criminal Court of Cook County, Illinois, and in the Supreme Court of Illinois, all of which were denied, and that upon denial of these petitions he filed petitions in the Supreme Court of the United States for writs of certiorari to the Circuit Court of Will County, Illinois, Criminal Court of Cook County, Illinois, and to the Supreme Court of Illinois. The United States Supreme Court refused to entertain his contentions and on October 14, 1946, denied the writs. Ristich v. Ragen, 67 S.Ct. 60.

Under the provisions of 28 U.S.C.A. § 466, in an appeal "from a final decision by a court of the United States in a proceeding in habeas corpus where the detention complained of is by virtue of process issued out of a State court," a certificate of probable cause is a jurisdictional prerequisite to such an appeal, Bilik v. Strassheim, 212 U.S. 551, 29 S.Ct. 684, 53 L.Ed. 649; Ex parte Patrick, 212 U.S. 555, 29 S.Ct. 686, 53 L.Ed. 650; Dorsey v. Gill, App.D.C., 148 F.2d 857, 877; and United States ex rel. White v. Ragen, 7 Cir., 153 F.2d 778, but even when the District Court denies a certificate of probable cause, it yet remains the duty of the judges of the Circuit Court of Appeals to consider whether the case is one in which a certificate of probable cause should be issued. House v. Mayo, 324 U.S. 42, 65 S.Ct. 517, 89 L.Ed. 739.

In this state of the record and due consideration thereof, and upon the authority of White v. Ragen, 324 U.S. 760, 764, 65 S.Ct. 978, 89 L.Ed. 1348, we are impelled to the conclusion that there exists no probable cause for an appeal and that his petition should be denied and the appeal dismissed. It is so ordered.