## COMMACK v. BUSH, Warden.
### No. 10808.

United States Court of Appeals
Sixth Circuit.
June 2, 1949.

Perry A. Maynard, Lansing, Mich., for appellee. Stephen J. Roth, and Edmund E. Shepherd Lansing, Mich., on the brief.

Earl Commack, in pro per.

Before SIMONS, MARTIN and MILLER, Circuit Judges.

SIMONS, Circuit Judge.

The appeal is from an order denying a petition for writ of habeas corpus by

one serving a sentence for rape imposed in the Circuit Court for the County of Macomb, Michigan. We are met at the outset by motions made by the State Attorney General on behalf of the warden, to dismiss the appeal on jurisdictional grounds because of refusal by the district judge to grant a certificate of probable cause for appeal. By § 466 [now 2253], 28 U.S.C.A. such certificate is required for an appeal from a judgment denying a petition for habeas corpus when petitioner complains of detention by virtue of process issued out of a state court. But that section also authorizes the judge of a Circuit Court of Appeals to issue a certificate, and under the decision in House v. Mayo, 324 U.S. 42, 65 S.Ct. 517, 89 L.Ed. 739, it becomes necessary for us to decide whether the case was an appropriate one for the issue of the certificate.

The appeal papers presented to us were doubtless prepared by the appellant without the aid of counsel. They contain a confusing mass of charges in respect to the illegality of his detention. We have sifted them carefully in endeavor to ascertain whether there are specific allegations in his petition involving federal questions of meritorious character supported by requisite recital of facts. Our painstaking examination reveals charges which may, perhaps, challenge a denial of constitutional right. The crime of which the appellant was convicted was that of statutory rape upon his own daughter. He now alleges that the crime could not have been committed because the victim was more than 16 years old and so within the age of consent under Michigan law. His second allegation is that he was convicted upon perjured testimony, not discovered nor discoverable for purposes of timely motions for new trial or in support of the appeal from his conviction to the Michigan Supreme Court. We may assume that if the truth of either allegation is established that there was a denial of that due process which is guaranteed by the Fourteenth Amendment.

The appellant, under the name of Jack McCormick, was convicted by a jury in 1940 for the violation of § 520 of the Penal Code, Act 328 of the Public Acts of Michigan of 1931, the information charging that the offense was committed upon one Betty McCormick, then under the age of 16 years. He was sentenced to serve not less than 20 nor more than 40 years in the State Prison. He was, at the trial, represented by counsel appointed by the court. Later, through counsel of his own selection, he filed various petitions and motions in the Circuit Court and in the Supreme Court, all of which were denied. On February 10, 1944, he filed in the Circuit Court a petition for leave to file a belated motion for new trial on the ground of newly discovered evidence, namely, that his daughter was born on February 18, 1923, which would make her age more than 16 at the time the offense was charged. His petition was heard and denied on February 21, 1944. He then, through still another attorney, sought leave to appeal and a delayed appeal was granted. A settled record was transmitted to the Supreme Court with the Circuit Court file, and a transcript of the testimony. The brief in his behalf so challenged the attention of the Supreme Court and the Solicitor General, that the cause was continued over the term for the purpose of taking a deposition from Dr. Lynd of Ironton, Ohio, and other witnesses, to be submitted to the circuit judge for certification as an amended record. This amended record showed that an assistant prosecuting attorney of Macomb County, accompanied by defendant's counsel, went to Ironton, Ohio, interviewed Dr. Lynd and thoroughly investigated the birth of Betty Commack. They discovered on file in the vital statistics division of the Ohio department of health, a delayed certificate filed on August 12, 1942, showing the birth of Elizabeth Carmack as of February 18, 1923, and an affidavit of Dr. Lynd confirms that date. The amended record also contains, however, a photostatic copy of an original birth certificate filed on January 31, 1924, in the vital statistics bureau, also signed by Dr. Lynd, that Mary Elizabeth Cammack, daughter of Earl James Cammack and Hannah Wilson Cammack, was born in the City of Ironton, Ohio, on Jan-

uary 29, 1924. As a result of this investigation, Commack's counsel sought permission from the Supreme Court to be relieved from further responsibility in the case on the ground that his client withheld material facts from him. The Supreme Court rendered its opinion on April 17, 1947, declaring that it was satisfied from the records and files that Mary Elizabeth Commack, also known as Betty McCormick, was under the age of 16 at the time the offense was committed; that the appellant had not been denied any civil or constitutional rights; was not convicted on coerced and perjured testimony, and that the trial judge did not abuse his discretion in denying his motion for new trial. It thereupon affirmed the judgment. People v. Commack, 317 Mich. 410, 26 N.W.2d 924, certiorari denied. McCormick v. Michigan, 331 U.S. 857, 67 S.Ct. 1737, 91 L.Ed. 1865. The finding of fact as to the victim's birth, made by the Supreme Court after such careful inquiry, must be accepted by us as conclusive. There is no merit to this charge of the appellant.

The allegation of the appellant that he was convicted on perjured testimony is based upon an affidavit of Elizabeth Commack, alias Betty McCormick, dated August 15, 1941, in which she charges that her father, Earl or Jack McCormick, was innocent of the charges made against him and that he was the victim of a cruel plot; also upon a photostatic copy of a letter signed by the appellant's wife, Anna Mccormick, dated March 18, 1942, stating that she lied to put him in prison and that she made her daughter, Betty, lie about the commission of the offense. Although this affidavit and letter are both dated prior to the appellant's motion for new trial and the proceedings in the Supreme Court, it does not appear that they were brought to the attention of either court. Had they been it is wholly incredible that they would not have been referred to in the court's opinion. It is true that the petitioner alleges that with every habeas corpus action his daughter's affidavit was presented. We are unable to ascertain from his petition where and when prior petitions were filed, and if so whether any appeal from their

denial was lodged with the Supreme Court. A careful search of the reports of the Michigan Supreme Court fails to disclose any appeal from the denial of a petition for habeas corpus. Such appeal and its denial is a prerequisite to the grant of a petition in the federal court, for the petitioner must show that he has exhausted state remedies. Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572. See § 2254, Title 28 U.S.C.A., effective September 1, 1948. We conclude, therefore, that the petition on its face fails to state a cause of action for the granting of the writ.

In this view it would be futile to remand the cause to the district court, as was done in House v. Mayo, supra, and our only recourse is to affirm the judgment.

It is so ordered.