I must dissent from the majority opinion for the reason that it does violence to the principles laid down in the Berger case (see infra) and to the clear language of section 9573, Revised Laws of Hawaii 1945. The consequence of such an interpretation frustrates the lawful grant of a remedy by the territorial legislature to those persons having a belief that they will not be given a fair trial *Page 65 
because of personal bias or prejudice on the part of the judge.
By way of background and for the purpose of fitting this type of disqualification into its proper perspective, let us consider the other types of disqualification as set forth in the Organic Act.
The United States Congress, in corporating the Territory of Hawaii, provided for the disqualification of judges by reason of relationship (consanguinity to the third degree), pecuniary interest or previous judgment. Such disqualifications carry with them, in effect, the conclusive presumption that a judge is incapable of conducting a fair trial when the elements of relationship, pecuniary interest, or previous judgment are injected therein. It may be seen at a glance that such disqualifications are far and beyond the realities of the situation and that there is no real basis for invoking the inexorable rule, save only to give assurance to the public that the judiciary, like Caesar's wife, will not only be above reproach, but also will be above suspicion of reproach.
"Next in importance to the duty to render a righteous judgment is that of doing it in such a manner as will beget no suspicion
of the fairness and integrity of the judge." (30 Am. Jur., § 53, p. 767.) (Emphasis added.)
The Organic Act further provides that "* * * the legislature of the Territory may add other causes of disqualification to those herein enumerated." (Organic Act, § 84.) The territorial legislature in 1931, pursuant to such grant of power, provided for the disqualification of a judge by reason of bias and prejudice. (R.L.H. 1945, § 9573.) The Act has been set forth in the majority opinion and is substantially the same as its federal counterpart in the United States Judicial Code. (Former § 21, now Title 28 U.S.C. § 144.)
The United States Supreme Court was first called upon *Page 66 
to pass on the federal counterpart in Berger v. UnitedStates, decided January 31, 1921, and reported in 255 U.S. 22. Accordingly, the legislature in enacting the Act in question is presumed to have incorporated within its intent the construction and interpretation placed on the federal counterpart by the United States Supreme Court. (50 Am. Jur., § 321, p. 312.) As to the intendment of the Act, Mr. Justice McKenna, in writing the majority opinion, stated in part (Berger case, supra, at pp. 35, 36): "* * * we may say that its solicitude is that the tribunals of the country shall not only be impartial in the controversies submitted to them but shall give assurance that they are impartial, free, to use the words of the section, from any `bias or prejudice' that might disturb the normal course of impartial judgment. * * *" The United States Solicitor General in arguing the Berger case stated, in effect, that the condition of the Act had been fulfilled upon the filing of the affidavit and thereupon the judge was automatically disqualified, and were not the phrase "affidavit shall state the facts and reasons for the belief" to be construed as a substantial check upon the absolutism of the Act, that even though the facts and reasons for the belief as set forth in the affidavit were frivolous or fanciful, nevertheless, the judge would be automatically disqualified. Upon such line of argument Mr. Justice McKenna had this to say (Berger case, supra, pp. 33, 34):
"But it is said that there is modification of the absolutism of the quoted declaration in the succeeding provision that the `affidavit shall state the facts and the reasons for the belief' of the existence of the bias or prejudice. It is urged that the purpose of the requirement is to submit the reality and sufficiency of the facts to the judgment of the judge and their support of the averment or belief of the affiant. It is in effect urged that the requirement can have no other purpose, that it is idle else, giving *Page 67 
an automatism to the affidavit which overrides everything. But this is a misunderstanding of the requirement. It has other and less extensive use as pointed out by Judge Meek in Henry v.Speer, supra. It is a precaution against abuse, removes the averments and belief from the irresponsibility of unsupported opinion, and adds to the certificate of counsel the supplementary aid of the penalties attached to perjury. Nor do we think that this view gives room for frivolous affidavits. Of course the reasons and facts for the belief the litigant entertains are an essential part of the affidavit, and must give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment. The affidavit of defendants has that character. The facts and reasons it states are not frivolous or fanciful but substantial and formidable and they have relation to the attitude of Judge Landis' [trial judge] mind toward defendants [affiants]."
In such opinion the court pointed out that the Act contained certain checks against an abuse of the right to exercise the automatic disqualification:
(a) the reasons and facts for the belief must be set forth in writing;
(b) affiant would be subject to perjury charge;
(c) affidavit must be accompanied by certificate of good faith on the part of the attorney of record;
(d) a party was limited to the filing of but one affidavit.
It may be pointed out that although the Hawaiian counterpart has been on the statute books for twenty-five years, the territorial supreme court reports reflect only one other controversy wherein it was sought to disqualify a trial judge by the filing of an affidavit of bias and prejudice. (Glover v.Fong, 39 Haw. 308, also at p. 92.)
In Mr. Justice McReynolds' dissenting opinion in the Berger
case he stated that: *Page 68 
"Of course, no judge should preside if he entertains actual personal prejudice towards any party and to this obvious disqualification Congress added honestly entertained belief of such prejudice when based upon fairly adequate facts andcircumstances. * * *" (Berger case, supra, p. 43.) (Emphasis added.)
In the other dissenting opinion, however, by Mr. Justice Day and Mr. Justice Pitney we find the following adopted language:
"* * * `It is not sufficient,' said the late Mr. Justice Brewer, when a member of the Supreme Court of Kansas, in City ofEmporia v. Volmer, 12 Kansas, 627, `that a prima facie case only be shown, such a case as would require the sustaining of a challenge to a juror. It must be strong enough to overthrow the presumption in favor of the trial-judge's integrity, and of the clearness of his perceptions.'" (Berger case, supra, p. 38.) This language appears to be consonant with the interpretation of the majority opinion in our case. I should like to point out, however, that in a choice between two evils, it would appear to be far worse to force a litigant into trial before a judge whom he believes to be personally biased or prejudiced than it would be to disqualify a trial judge for reasons and facts that give fair support to the belief for, in the language of the Berger
case:
"* * * And in this [disqualification of judge] there is no serious detriment to the administration of justice nor inconvenience worthy of mention, for of what concern is it to a judge to preside in a particular case; of what concern to other parties to have him so preside? * * *" (Berger case, supra,
p. 35.)
Moreover, such a strict interpretation may be expected to cause litigants who entertain honest belief that the trial judge is biased or prejudiced, to conduct surreptitious investigation for the purpose of eliciting facts and *Page 69 
reasons "strong enough to overthrow the presumption in favor of the trial judge's integrity and the clearness of his perceptions." (Berger case, supra, p. 38.) Such would be a lamentable consequence.
On the question of whether the affiant has made out a strong enough case, I would like to state that bias or prejudice cannot ordinarily be established or disestablished to any satisfactory degree of certitude. The solution of any problem created by the permutation of two minds (affiant and judge) or three minds (affiant, judge, adverse party) must necessarily be arrived at with a varying degree of conjecture, speculation and reasonable doubt. Especially is this true, because the solution involves a prediction as to the future course of conduct on the part of the judge. And to give effect to the literal disqualification of a judge by virtue of relationship, pecuniary interest, or previous judgment, but to hold, in effect, that a judge will not be disqualified, save and except upon a showing "strong enough to overthrow the presumption of the trial judge's integrity and the clearness of his perceptions," produces a result which, to say the least, is a paradox.
It would appear to be a contradiction in terms, to hold that the facts and reasons which by the Berger case are to give fair support to the charge, are to be strictly construed against affiant.
There are a number of decisions from the several circuits of the United States Court of Appeals which, in effect, require a strong case to be made out by the affiant. And to most of these decisions, certiorari has been petitioned for and has been denied. And it is true that in every case wherein a judge was held to be disqualified, the affidavit recited utterances of the judge bearing on the charge of bias or prejudice. The affidavit in the instant case does not purport to establish bias or prejudice by any utterance of the judge. This distinction I deem not to be *Page 70 
material, for all of us are familiar with the truism that acts can and do, at times, speak louder than words. I consider the Act in question to be of such a character.
Concerning the significance respecting the denial of a petition for a writ of certiorari, Mr. Justice Frankfurter in his memorandum in the Agoston case, 340 U.S. 844 (Oct. term 1950) had this to say:
"The Court has stated again and again what the denial of a petition for writ of certiorari means and more particularly what it does not mean. Such a denial, it has been repeatedly stated, `imports no expression of opinion upon the merits of the case.'United States v. Carver, 260 U.S. 482, 490, and see, e.g.,House v. Mayo, 324 U.S. 42, 48; Sunal v. Large,332 U.S. 174, 181. A denial simply means that as a matter of `sound judicial discretion' fewer than four members of the Court deemed it desirable to review a decision of a lower court. Rule 38, par. 5. See Maryland v. Baltimore Radio Show, 338 U.S. 912. But it is not merely the laity that fails to appreciate that by denying leave for review here of a lower court decision this Court lends no support to the decision of the lower court. Obviously it does not imply approval of anything that may have been said by the lower court in support of its decision."
Coming down to the affidavit in our particular case, the substance of which has been set forth in the majority opinion, the gravamen thereof, as I interpret it, is that on top of the relationship of judge and litigant the presiding judge superimposed a conflicting relationship, to wit, candidate for United States District Judge of Hawaii and territorial delegate from Hawaii, and coupled with such incompatible relationships, there is injected the additional factor that it is the belief of affiant that the judge is personally prejudiced in favor of the delegate as an adverse party litigant. *Page 71 
The tenure and compensation of a territorial circuit judge and a United States District Judge for the District of Hawaii are set forth by statute. (Titles 28 and 48 U.S.C.A., as am.; Act 72, S.L.H. 1951 and related Acts.) The territorial circuit judge holds office for a term of four years and receives compensation of $12,000. The United States District Judge for the District of Hawaii holds office for a term of six years and receives an annual compensation of $22,500. The United States District Judge, however, receives the same salary as his Hawaiian counterpart but holds office for a life term.
The situation reduces itself to the trial judge, by his voluntary act in having made himself a candidate for a judicial appointment by the President of the United States for an office which carries with it a substantially longer term and greater compensation than his present one, placed himself in an incompatible relationship with one of the litigants. And it is the belief of affiant that such situation causes the judge, by virtue of the delegate's unique position in Washington, D.C., to have a personal bias or prejudice in favor of the delegate and against the affiant. Quoting again from the Berger case at page 34:
"* * * The belief of a party the section makes of concern and if opinion be nearer to or farther from persuasion than belief, both are of influence and universally regarded as of influence in the affairs of men and determinative of their conduct, and it is not strange that § 21 should so regard them."
For the foregoing reasons, it is my opinion that the conditions of the Act have been met, the disqualification complete and the writ should issue. With respect to the remainder of the decision, I concur. *Page 72