Lloyd Snell REID, Plaintiff,

v.

Dr. George BETO, an Individual and as Director, Texas Department of Correction, and Texas Board of Correction, Its Chairman, H. H. Coffield, and Members thereof, Individually and in Their Official Capacity, Defendants.

United States District Court
S. D. Texas,
Houston Division.
Dec. 7, 1962.

---

2. "A voidable contract is one where one or more parties thereto have the power, by a manifestation of election to do so, to avoid the legal relations created by the contract; or by ratification of the contract to make it valid and enforceable." American Law Institute, Contracts Restatement, § 13.

Lloyd Snell Reid, plaintiff, per se.

No appearance for defendants.

INGRAHAM, District Judge.

The plaintiff, Lloyd Snell Reid, is a prisoner in state custody pursuant to judgment of a state court. He was convicted of the offense of passing a forged instrument in the Criminal District Court of Jefferson County, Texas, on April 20, 1961. In Reid v. State, 171 Tex. Cr.App. 678, 353 S.W.2d 225, the Texas Court of Criminal Appeals reversed and remanded the case because the sentence imposed was more than Texas law prescribed for the offense in question. Plaintiff contends that he was deprived of his constitutional rights in that the authorities of the Texas Department of Corrections were required by law to release him after the opinion of the Texas Court of Criminal Appeals was rendered and they did not do so. His contentions are embodied in a complaint which he asks leave to file in forma pauperis in this court. His complaint can be interpreted as either a petition for writ of habeas corpus, or, as he titles it, "Application for Temporary Writ of Injunction and Temporary Restraining Order" directed to the named defendants whose actions under color of state law are alleged to deprive him of due process and the equal protection of the law.

■■ His pleadings do not disclose that he has done anything in pursuit of habeas corpus remedies in the courts of the State of Texas. This court is therefore without jurisdiction to entertain it as a petition for writ of habeas corpus.[1] Further, if the complaint is viewed as a request for a temporary injunction, it is the court's opinion that its discretionary equitable powers should not be used in a case such as this. The injunction he prays for would require the named defendants to refrain from enforcing the judgment rendered against him in the Jefferson County proceeding and release him from detention. In effect, the relief sought is exactly the same as that given to a successful applicant for the writ of habeas corpus. But under the theory urged, such relief would be available without the restraints on federal judicial action, such as the requirement of exhaustion of state remedies,[2] that are thought desirable in this area of concurrent and therefore potentially conflicting

---

1. Title 28 U.S.C.A. § 2254. House v. Mayo, 324 U.S. 42, 65 S.Ct. 517, 89 L. Ed. 739.

2. Title 28 U.S.C.A. § 2254.

jurisdiction.[3] To allow the balance of federal-state relations to be upset in this way would not be in the best interests of justice. Other courts have recognized the power of this argument and have denied relief in similar situations.[4]

For the several reasons stated, it is the opinion of the court that the complaint is without merit. Leave to file in forma pauperis is therefore denied.

The clerk will retain the pleadings. True copies hereof will be forwarded by the clerk to Reid and the Attorney General of Texas.

3. See, e. g. Ex parte Royall, 117 U.S. 241, 251, 6 S.Ct. 734, 29 L.Ed. 868.

4. Curtis v. Tower, 6 Cir., 262 F.2d 166, 167. Miller v. Director, Middletown State Hospital, D.C., 146 F.Supp. 674.