Joseph L. **TAYLOR**, Petitioner,

v.

William C. **HOLMAN**, Warden, Kilby Prison, Alabama, Respondent.

Civ. A. No. 1950–N.

United States District Court

M. D. Alabama, N. D.

Oct. 3, 1963.

Alvin T. Prestwood, Montgomery, Ala., appointed by the court, for petitioner.

Richmond M. Flowers, Atty. Gen., and Peter M. Lind, Asst. Atty. Gen., State of Alabama, Montgomery, Ala., for respondent.

JOHNSON, District Judge.

The petitioner Taylor, by leave of this Court, filed with the Clerk of this Court on July 8, 1963, his application for a writ of habeas corpus and for the appointment of counsel. At that time petitioner was, and is presently, being held in custody of the Warden, Kilby Prison, State of Alabama, Montgomery, Alabama, under a judgment made and entered against Taylor by the Circuit Court of Sumter County, Alabama, on October 12, 1960, said

judgment being pronounced upon a plea of guilty entered by Taylor to the charge of burglary in the second degree, which carried a maximum punishment of ten years, and the sentence that was pronounced thereon by the judge of said Circuit Court was for a term of three years to be served in the Alabama State penitentiary.

On the filing of the petition for a writ of habeas corpus, this Court ordered the Warden to show cause why the writ should not be issued. On August 1, 1963, the Attorney General for the State of Alabama, representing the respondent-Warden in this case, filed his return and answer to this Court's order to show cause. A pretrial hearing was conducted in the matter on September 5, 1963, said pretrial being attended by the petitioner, the petitioner's court-appointed counsel, the Honorable Alvin T. Prestwood, and the respondent's counsel, the Honorable Peter M. Lind, Assistant Attorney General, State of Alabama. As reflected by the pretrial order of this Court made and entered in this cause on September 5, 1963, the matter was set for a hearing on the following issues:

(1) As to whether or not Taylor was denied the right to subpoena witnesses by the trial court of Sumter County, Alabama, Taylor's conviction being on October 12, 1960, for the offense of burglary in the second degree and for which he received a sentence to the State penitentiary for a term of three years.

(2) As to whether or not the State authorities in said proceeding, resulting in his conviction and incarceration, denied him the right to employ or to consult with an attorney.

(3) As to whether or not Taylor was properly and timely advised concerning the charges against him and was given a reasonable opportunity to prepare his defense prior to the time he was required to go to trial or plead in the State court.

(4) As to whether or not Taylor was coerced by the trial judge into entering a plea of guilty to the offense of burglary in the second degree by the statement on the part of the trial judge to Taylor to the effect that if he did not enter a plea of guilty he would receive the maximum punishment.

The case was heard before this Court on September 13, 1963, and is now submitted upon the pleadings, the oral testimony of the several witnesses (some of whom were subpoenaed in behalf of the petitioner in forma pauperis by order of this Court), the testimony of several witnesses by deposition, the exhibits and briefs, and the arguments of the parties.

Upon this submission, this Court finds that the petitioner Taylor was indicted by a grand jury in Sumter County, Alabama, during the fall term of 1960, with the indictment being returned to the Circuit Court of Sumter County, Alabama, on the 27th day of September, 1960. A few days thereafter, at the request of the Circuit Judge of Sumter County, Alabama, Taylor (who was then incarcerated in the Alabama State penitentiary at Kilby Prison, Montgomery, Alabama, on a charge separate from the one this Court is now concerned with) was returned to the Sumter County jail for the purpose of standing trial. Approximately four months prior to the time he entered a plea of guilty to the second degree burglary charge, Taylor had been informed by State Investigator R. C. Brooks concerning the nature of the charges that were then being investigated, which charges later culminated in the indictment to which Taylor entered his plea of guilty. Petitioner Taylor also had notice through Sheriff Bratton concerning the charges that he was going to be called upon to answer to. After this advance notice and on October 12, 1960, Taylor was taken into open court in the Circuit Court of Sumter County, Alabama, and before the presiding judge, the Honorable E. F. Hildreth. At that time Taylor was adequately and fairly advised as to his right to have counsel, and was thoroughly advised as to the charges pending against him and as to the serious nature thereof. After being advised concerning his right to be represented by a lawyer and after under-

484

standing the nature of the charges pending against him, Taylor advised the Court substantially as follows:

"No, I do not have a lawyer. I do not need a lawyer. I'm guilty, and I want to plead guilty and take the lowest sentence that the Court can give me."

After Judge Hildreth determined that Taylor understood the nature of the charges against him, he accepted the plea of guilty from Taylor and, on the same date, imposed the three-year sentence upon him. While it is true that Taylor had very little formal education, he was thoroughly familiar with court procedure and was aware of his right to be represented by counsel. In this connection, it is significant to note that Taylor had at that time been convicted upon at least two other felony charges. The only evidence in this case that supports Taylor's contention and testimony to the effect that the Circuit Judge upon the occasion in question refused to appoint him an attorney and told him that if he did not plead guilty he was going to receive the maximum sentence, comes from Taylor's two codefendants Jim and Hubbard Beard. The testimony from the petitioner and both of these witnesses was impeached and discredited, in the opinion of this Court, not only by the previous criminal record on the part of each of these three men, but also by the testimony of Circuit Solicitor Thomas H. Boggs and the testimony of Circuit Judge E. F. Hildreth. This Court refuses to accept the testimony of Taylor, Jim Beard and Hubbard Beard in the face of all the facts and circumstances surrounding the matter now under inquiry and particularly in the face of the testimony of Circuit Solicitor Boggs and Circuit Judge Hildreth.

■ As to Taylor's contention that he was denied the right to subpoena witnesses by the trial court of Sumter County, Alabama, this Court specifically finds that he made no request for witnesses to that Court in connection with the plea of guilty he entered in that Court on October 12, 1960, to the charge of burglary in the second degree. In the absence of any such request, there could be no denial.

■ This Court further finds that the State of Alabama, acting through the Circuit Court of Sumter County, Alabama, did not deny Taylor the right to employ or consult with an attorney on the occasion in question. To the contrary, the evidence in this case reflects that Taylor, with a thorough knowledge of the charges then pending against him, intelligently and voluntarily waived counsel within the meaning of Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461.

■ This Court further specifically finds that Taylor was fairly, adequately and timely advised concerning the charges against him and was given all the opportunity he desired and needed prior to the time he was called upon to enter a plea in the Circuit Court of Sumter County, Alabama, on October 12, 1960.

■ This Court further specifically finds that Taylor was not coerced by the trial judge into entering his plea of guilty to the offense of burglary in the second degree. In this connection, this Court specifically finds that the trial judge made no statement to the effect that if Taylor did not plead guilty to the offense of burglary in the second degree he would receive the maximum punishment. There was no denial of fundamental fairness, and there was no denial of any of the substantial or technical constitutional rights of the petitioner, Joseph L. Taylor, by the Circuit Court of Sumter County, Alabama, or any of the officials thereof, in connection with the prosecution of Taylor that culminated on October 12, 1960, when he entered a plea of guilty to the offense of burglary in the second degree and, upon that plea of guilty, received an extremely fair sentence of three years in the State penitentiary. The principles of fundamental unfairness, as outlined by the Supreme Court of the United States in Crooker v. California, 357 U.S. 433, 78

S.Ct. 1287, 2 L.Ed.2d 1448 and House v. Mayo, 324 U.S. 42, 65 S.Ct. 517, 89 L.Ed. 739, have no application in this case.

In consideration of the foregoing and for good cause, it is, therefore, the ORDER, JUDGMENT and DECREE of this Court that the application for a writ of habeas corpus filed herein by the petitioner, Joseph L. Taylor, in forma pauperis by leave of this Court, be and the same is hereby denied.