**Janice TAWNEY, Plaintiff,**

**v.**

**The BOARD OF EDUCATION OF the COUNTY OF BOONE, a corporation, Defendant.**

**Civ. A. No. 74–446–CH.**

United States District Court,
S. D. West Virginia,
Charleston Division.

Feb. 10, 1977.

Charlotte R. Lane, Charleston, W. Va., for plaintiff.

Mat D. Bouldin, Madison, W. Va., for defendant.

**MEMORANDUM ORDER**

DENNIS R. KNAPP, Chief Judge.

During the 1972–73 school term, plaintiff was employed by defendant as a school teacher at Ramage Elementary School in Boone County, West Virginia. For twelve days during the month of January, 1973 she was absent from her employment due to normal pregnancy and childbirth. Thereafter she submitted to defendant a claim for sick leave benefits pursuant to the provisions of W.Va.Code 18A–4–10.[1] Defend-

---

1. W.Va.Code 18A–4–10 reads, in pertinent part:

"A regular full-time employee who is absent from assigned duties due to accident, sick-

ness, death in the immediate family, or other cause authorized or approved by the board, shall be paid his full salary from his regular budgeted salary appropriation during the pe-

ant denied this claim solely on the grounds "that giving birth and recovery therefrom is not a sickness within the meaning of "W.Va.Code 18A–4–10.[2]

Plaintiff then instituted this action alleging that by denying her sick leave benefits, defendant was guilty of sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* She further alleges that such denial deprived her of equal protection of the laws in violation of the Equal Protection Clause of the Fourteenth Amendment.

Plaintiff predicates this two-pronged attack on the charge that defendant distinguishes between childbirth disabilities, peculiar only to females, and other medical disabilities, thereby denying plaintiff her rights because of sex-oriented reasons proscribed by Title VII and the Fourteenth Amendment.

Defendant answered the complaint denying generally that plaintiff was entitled to any relief. Thereafter defendant filed a motion for judgment on the pleadings, pursuant to Rule 12(c), Federal Rules of Civil Procedure, which motion is now before the court for decision.

In a factual situation strikingly similar to the one in the instant case, the district court in *Hutchison v. Lake Oswego School District,* 374 F.Supp. 1056 (D.Or.1974), was confronted with the same issues as is this court. The plaintiff in that case was a school teacher employed by the defendant school district. During the month of January, 1973 she was absent from work for a period of fifteen working days as a result of childbirth which was medically uneventful. Upon her return to work she applied for sick leave benefits under the Oregon statutory counterpart to W.Va.Code 18A–4–10. However, she was denied these benefits on the grounds that pregnancy was not deemed to be an illness or injury but merely a temporary disability. She then brought suit against the school district, seeking relief under Title VII and the Fourteenth Amendment. The district court held that the denial of sick leave benefits for childbirth-related disabilities violated both Title VII and the Equal Protection Clause.[3]

The Ninth Circuit Court of Appeals affirmed the district court's holding with respect to the Title VII violation but reversed as to the equal protection issue in light of the then recent case of *Geduldig v. Aiello,* 417 U.S. 484, 94 S.Ct. 2485, 41 L.Ed.2d 256 (1974). *Hutchison v. Lake Oswego School District,* 519 F.2d 961 (9th Cir. 1975).

*Geduldig* held that it was not a violation of the Equal Protection Clause to exclude normal pregnancy and childbirth from coverage under a state disability insurance program funded entirely by the participating employees. Justice Stewart, in delivering the opinion of the court, concluded at 417 U.S. 496–497, 94 S.Ct. 2492:

> "These policies provide an objective and wholly noninvidious basis for the State's decision not to create a more comprehensive insurance program than it has. There is no evidence in the record that the selection of the risks insured by the program worked to discriminate against any definable group or class in terms of the aggregate risk protection derived by that group or class from the program. There is no risk from which men are protected and women are not. Likewise, there is no risk from which women are protected and men are not.

---

riod which he is absent, but not to exceed the total amount of leave to which he is entitled. . . ."

**2.** Complaint, par. 4. Plaintiff neither alleges nor argues that the defendant's reason was a "mere [pretext] designed to effect an invidious discrimination against" the female sex. See, *Geduldig v. Aiello,* 417 U.S. 484, 94 S.Ct. 2485, 41 L.Ed.2d 256 (1974).

**3.** The district court based its Title VII holding on a 1973 EEOC decision which held that the condition of pregnancy must be treated the same as any other illness. See, *Naran Andreev v. National Broadcasting Co.,* CCH EEOC Decisions 1973 ¶ 6380. The equal protection violation was predicated on the simple fact that pregnancy was treated differently from other disabilities.

"The appellee simply contends that, although she has received insurance protection equivalent to that provided all other participating employees, she has suffered discrimination because she encountered a risk that was outside the program's protection. For the reasons we have stated, we hold that this contention is not a valid one under the Equal Protection Clause of the Fourteenth Amendment."[4]

From the Ninth Circuit's adverse ruling as to the Title VII violation, the school district filed in the Supreme Court a petition for a writ of certiorari, *Lake Oswego School District No. 7 v. Hutchison*, —— U.S. ——, 97 S.Ct. 725, 50 L.Ed.2d 744, as did Hutchison respecting the equal protection ruling, *Hutchison v. Lake Oswego School District No. 7*, —— U.S. ——, 97 S.Ct. 731, 50 L.Ed.2d 748.

The Supreme Court denied Hutchison's petition in —— U.S. ——, 97 S.Ct. 731, 50 L.Ed.2d 748.[5] However, the school district's petition in —— U.S. ——, 97 S.Ct. 725, 50 L.Ed.2d 744, was granted and the case summarily disposed of by the Court which, in doing so, stated:

"The petition for a writ of certiorari is granted. The judgment is vacated and the case remanded to the United States Court of Appeals for the Ninth Circuit for further consideration in light of *General Electric Co. v. Gilbert*, 429 U.S. 125 [97 S.Ct. 401, 50 L.Ed.2d 343] (1976)." —— U.S. ——, 97 S.Ct. 725, 50 L.Ed.2d 744.

*General Electric* dealt with the other side of the Title VII/equal protection coin. That is, whether General Electric's nonoccupational sickness and accident benefit plan which excluded pregnancy-related disabilities violated Title VII. The Court answered that question in the negative, basing its holding squarely on *Geduldig v. Aiello, supra*. In reversing *Gilbert v. General Electric Co.*, 519 F.2d 661 (4th Cir. 1975), the Court held:

". . . Since it is a finding of sex-based discrimination that must trigger, in a case such as this, the finding of an unlawful employment practice under § 703(a)(1), 42 U.S.C. § 2000e–2(a)(1), *Geduldig* is precisely in point in its holding that an exclusion of pregnancy from a disability benefits plan providing general coverage is not a gender-based discrimination at all.

"There is no more showing in this case than there was in *Geduldig* that the exclusion of pregnancy benefits is a mere 'pretext designed to effect an invidious discrimination against the members of one sex or the other.' The Court of Appeals expressed the view that the decision in *Geduldig* had actually turned on whether or not a conceded discrimination was 'invidious' but we think that in so doing it misread the quoted language from our opinion. As we noted in that opinion, a distinction which on its face is not sex related might nonetheless violate the Equal Protection Clause if it were in fact a subterfuge to accomplish a forbidden discrimination. But we have here no question of excluding a disease or disability comparable in all other respects to covered diseases or disabilities and yet confined to the members of one race or sex. Pregnancy is of course confined to women, but it is in other ways significantly different from the typical covered disease or disability. The District Court found that it is not a 'disease' at all, and is often a voluntarily undertaken and desired condition, [D.C.] 375 F.Supp. [367], at 375, 377. We do not therefore infer that the exclusion of pregnancy disability

---

4. The Court also stated at 417 U.S. 495, 94 S.Ct. 2491:

"Particularly with respect to social welfare programs, so long as the line drawn by the State is rationally supportable, the courts will not interpose their judgment as to the appropriate stopping point."

See also, *Dandridge v. Williams*, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970).

5. While the denial of certiorari "imports no expression of opinion upon the merits of [the] case," *House v. Mayo*, 324 U.S. 42, 48, 65 S.Ct. 517, 521, 89 L.Ed. 739 nevertheless the Ninth Circuit's ruling as to the equal protection issue has not been disturbed.

benefits from petitioner's plan is a simple pretext for discriminating against women . . . ."[6]

It is therefore evident that the Ninth Circuit will further consider *Hutchison* by holding that the plaintiff's rights under Title VII were not violated.

The teachings of *General Electric* and *Geduldig*, particularly as applied to *Hutchison*, lead this Court to conclude and declare that the defendant in the case at bar has not violated any rights of the plaintiff secured to her by either Title VII or the Equal Protection Clause of the Fourteenth Amendment.

Therefore, the motion of the defendant for judgment on the pleadings will be granted and the action dismissed and stricken from the docket of this Court; and it is so ORDERED.

---

6. The opinion of the Court reflected much of what Judge Widener stated in his dissenting opinion, 519 F.2d at 668–669.