No. 80–6620. JEFFRIES v. BARKSDALE, SHERIFF. C. A. 6th Cir. Certiorari denied.

JUSTICE REHNQUIST, with whom THE CHIEF JUSTICE and JUSTICE POWELL join, dissenting.

If this case were properly before the Court I would have no difficulty in joining my Brethren in denying the petition for writ of certiorari. It is clear to me, however, that under the applicable statutes we have no jurisdiction to entertain the petition. Accordingly, I would dismiss for want of jurisdiction.

The facts need be only briefly stated. Petitioner was convicted in state court. He succeeded in obtaining a reversal of his conviction on appeal and a retrial was ordered. After several continuances were granted petitioner sought habeas corpus relief in Federal District Court, alleging that he was being denied his rights to a speedy trial. The District Court dismissed the action on the ground that petitioner had failed to exhaust available state remedies, see 28 U. S. C. § 2254. Petitioner appealed to the Court of Appeals for the Sixth Circuit. That court agreed that petitioner had failed to exhaust available state remedies, and issued an order specifically denying petitioner's application for a certificate of probable cause to appeal. Petitioner thereupon sought from this Court a writ of certiorari to the Court of Appeals.

Congress has enacted a specific provision governing the right to appeal in cases such as this:

"An appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding where the detention complained of arises out of process issued

by a State court, unless the justice or judge who rendered the order or a circuit justice or judge issues a certificate of probable cause." 28 U. S. C. § 2253.

See also Fed. Rule App. Proc. 22 (b) ("In a habeas corpus proceeding in which the detention complained of arises out of process issued by a state court, an appeal by the applicant for the writ may not proceed unless a district or a circuit judge issues a certificate of probable cause").

The effect of this statute, which could not have been drafted in plainer terms, is clear: A certificate of probable cause is an indispensible prerequisite to an appeal in the courts of appeals. This has long been recognized by the courts, see, e. g., *Wilson* v. *Lanagan,* 79 F. 2d 702 (CA1 1935); *Hooks* v. *Fourth District Court of Appeal,* 442 F. 2d 1042 (CA5 1971), and by distinguished commentators, see, e. g., Blackmun, Allowance of In Forma Pauperis Appeals in § 2255 and Habeas Corpus Cases, 43 F. R. D. 343, 351 (1967).

When this Court was confronted with a predecessor of 28 U. S. C. § 2253 which required, in certain habeas corpus cases, a certificate of probable cause before there could be an appeal to the Supreme Court, ch. 76, 35 Stat. 40 (1908), it had no difficulty in concluding that it had no jurisdiction over appeals brought before it in the absence of such a certificate. *Bilik* v. *Strassheim,* 212 U. S. 551 (1908); *Ex parte Patrick,* 212 U. S. 555 (1908). The provision was amended in 1925 to provide that it "shall apply to appellate proceedings . . . as [it] heretofore [has] applied to direct appeals to the Supreme Court," 43 Stat. 940 (1925). There is therefore no jurisdiction in the courts of appeals in cases covered by 28 U. S. C. § 2253 without a certificate of probable cause.

Our certiorari jurisdiction, however, extends only to "[c]ases in the courts of appeals." 28 U. S. C. § 1254. Since there was no certificate of probable cause issued in this case, it was never "in" the Court of Appeals. In the plain words of the statute, "[a]n appeal may not be taken to the court

of appeals." Since the case was never in the Court of Appeals we cannot review it by writ of certiorari to that court.

The legislative history of 28 U. S. C. § 2253 and its predecessors demonstrates the clear congressional purpose to impose the certificate-of-probable-cause requirement as a means of *terminating* frivolous appeals in certain habeas corpus cases. See H. R. Rep. No. 23, 60th Cong., 1st Sess. (1908); *United States ex rel. Tillery* v. *Cavell,* 294 F. 2d 12, 14–15 (CA3 1961). That legislative purpose is frustrated when this Court assumes jurisdiction to review cases in which both the district and appellate courts have denied a certificate. For in such a case review continues, if only eventuating in the inevitable denial of a writ of certiorari.

It is true that 28 U. S. C. § 2253 has largely been ignored by this Court, presumably because it is not too much bother simply to deny a petition for certiorari. The exercise of jurisdiction over a case which Congress has provided shall terminate before reaching this Court, however, is a serious matter. The imperative that other branches of Government obey our duly issued decrees is weakened whenever we decline, for whatever reason other than the exercise of our own constitutional duties, to adhere to the decrees of Congress and the Executive.

For the foregoing reasons, I dissent from the *denial* of the petition for writ of certiorari: the petition should be *dismissed* for want of jurisdiction.