454 U.S. 911
 102 S.Ct. 417
 70 L.Ed.2d 226
 William DAVIS
v.
Thomas L. JACOBS, Commissioner of Probation; and John T. REED v. Carl AJELLO, Attorney General of Connecticut, et al
 No. 80-2169 & No. 80-6504
 Supreme Court of the United States
 October 13, 1981
 Rehearing Denied Nov. 9, 1981.
 
 See 454 U.S. 1048, 102 S.Ct. 589.
 On petitions for writs of certiorari to the United States Court of Appeals for the Second Circuit.
 Willie L. DILLARD v. R. J. MARKS, Superintendent, Pennsylvania State Penitentiary, et al.; Allen RODZIEWICZ v. Gary J. HILTON, Superintendent, New Jersey State Prison, et al.; and James Hugh HENSON, Jr. v. Walter W. REDMAN, Warden. Nos. 80-6586, 80-6818, 81-5071.
 On petitions for writs of certiorari to the United States Court of Appeals for the Third Circuit.
 Durkin WOODRUFF v. Harry L. ALLSBROOK et al.; and Robert Lee SMITH v. James P. MITCHELL, Warden. Nos. 80-6508, 81-5138.
 On petitions for writs of certiorari to the United States Court of Appeals for the Fourth Circuit.
 William James GIBSON v. Frank C. BLACKBURN, Warden; James FREEMAN v. Joe OLIVER et al.; James Edward CLAYTON v. W. J. ESTELLE, Director, Texas Department of Corrections; and Burrell JOHNSON, Jr. v. W. J. ESTELLE, Jr., Director, Texas Department of Corrections. Nos. 80-6451, 80-6714, 80-6932, 81-5021.
 On petitions for writs of certiorari to the United States Court of Appeals for the Fifth Circuit.
 Clarence WILLIAMS v. ILLINOIS. No. 81-358.
 On petition for writ of certiorari to the United States Court of Appeals for the Seventh Circuit.
 Orville Gene VINSON v. Robert R. RAINES, Warden; Frank L. PERKINS v. Robert R. RAINES, Superintendent, Arizona State Prison; and Benny DIXON v. Robert RAINES. Nos. 80-6732, 81-5082, 81-5118.
 On petitions for writs of certiorari to the United States Court of Appeals for the Ninth Circuit.
 Gary Lee McCOLPIN v. Robert A. ATKINS; and William Thomas HUMPHREY v. OKLAHOMA et al. Nos. 80-6757, 80-6780.
 On petitions for writs of certiorari to the United States Court of Appeals for the Tenth Circuit.
 The petitions for writs of certiorari are denied.
 Opinion of Justice STEVENS respecting the denial of the petitions for writs of certiorari.
 
 
 1
 The question raised by the dissenting opinion is whether the order to be entered in these 17 cases should be a dismissal or a denial. Although this question might be characterized as a procedural technicality—because its resolution is a matter of complete indifference to the litigants—the argument made in the dissent merits a response because it creates the impression that the Court's answer to this arcane inquiry demonstrates that the Court is discharging its responsibilities in a lawless manner. The impression is quite incorrect.
 
 
 2
 The petitioners in these cases are state prisoners. None of them has a meritorious claim. Their habeas corpus petitions were all dismissed by Federal District Judges, and they all unsuccessfully sought review in the United States Court of Appeals. Because none of the petitioners obtained a certificate of probable cause, none of these cases was properly "in" the Court of Appeals and therefore 28 U.S.C. § 1254 does not give this Court jurisdiction over the petitions for certiorari. It is perfectly clear, however, that if there were merit to the petitions, the Court would have ample authority to review them in either of two ways.
 
 
 3
 First, as the Court expressly decided in 1945 in a case that is procedurally identical to these, this Court has jurisdiction under 28 U.S.C. § 1651. In House v. Mayo, 324 U.S. 42, 65 S.Ct. 517, 89 L.Ed. 739, the Court conceded that it lacked certiorari jurisdiction under the predecessor to § 1254, but squarely held that the All Writs Act, now 28 U.S.C. § 1651, authorized the Court to "grant a writ of certiorari to review the action of the court of appeals in declining to allow an appeal to it" and to review the "questions on the merits sought to be raised by the appeal." 324 U.S., at 44-45, 65 S.Ct., at 519.[1] The Court has consistently followed House v. Mayo for over 35 years.[2]
 
 
 4
 Second, as the dissent notes: "[A] Circuit Justice, or this Court itself, may issue a certificate of probable cause. See Rosoto v. Warden, 83 S.Ct. 1788, 11 L.Ed.2d 15 (1963) (Harlan, J., in chambers); In re Hunt, 348 U.S. 968, 75 S.Ct. 536, 99 L.Ed. 754 (1955) (Court denying certificate)." Post, at 918. Because we have that authority, it is part of our responsibility in processing these petitions to determine whether they have arguable merit notwithstanding the failure of a district or circuit judge to authorize an appeal to the Court of Appeals.
 
 
 5
 A complete explanation of the Court's conclusion that these cases have insufficient merit to warrant the exercise of its jurisdiction should therefore include three elements: (1) the petitioner has incorrectly invoked our jurisdiction under 28 U.S.C. § 1254 because no certificate of probable cause was issued; (2) the Court has decided not to exercise its jurisdiction under 28 U.S.C. § 1651; and (3) neither the Circuit Justice nor the Court has decided to issue a certificate of probable cause. Instead of entering detailed orders of this kind in all of these cases,[3] the Court wisely has adopted the practice of entering simple denials.[4] Ironically, the dissenters argue that this settled practice creates "more paperwork." Post, at 919.
 
 
 6
 As a practical matter, given the volume of frivolous, illegible, and sometimes unintelligible petitions that are filed in this Court, our work is facilitated by the practice of simply denying certiorari once a determination is made that there is no merit to the petitioner's claim. As the dissenters recognize, that determination must be made in all cases because Circuit Justices have the power—and indeed the duty—to issue certificates of probable cause in proper cases. Imposing on the Court the additional burden of determining in every case whether the form of the order should be a denial or a dismissal is not a trivial matter because in many cases more time would be required in searching the record to be sure that no certificate of probable cause was issued than is required in evaluating a contention that has been unsuccessfully advanced by countless other prisoners.
 
 
 7
 For these reasons, I believe the Court correctly adheres to the practice it consistently has followed since the decision of House v. Mayo in 1945.[5]
 
 
 8
 Justice REHNQUIST, with whom THE CHIEF JUSTICE and Justice POWELL join, dissenting.
 
 
 9
 In Jeffries v. Barksdale, 453 U.S. 914, 101 S.Ct. 3149, 69 L.Ed.2d 998 (1981), THE CHIEF JUSTICE, Justice POWELL, and I dissented from a simple denial of the writ of certiorari, contending that the writ should instead be dismissed because we had no jurisdiction to consider it. Further reflection and research have only strengthened my belief that where a specific statutory enactment dealing with our jurisdiction to consider decisions of the courts of appeals limits that jurisdiction to "[c]ases in the courts of appeals," 28 U.S.C. § 1254, we are bound by that statutory provision just as we would be bound by any other statutory provision, unless we were to hold it violative of some provision of the Constitution.
 
 
 10
 In each of these cases, the petitioner was convicted in a state court. He then sought habeas corpus relief in a United States District Court, and the District Court dismissed the action or denied the writ and refused to issue a certificate of probable cause to appeal. Section 2253 of Title 28 of the United States Code provides as follows: "An appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding where the detention complained of arises out of process issued by a State court, unless the justice or judge who rendered the order or a circuit justice or judge issues a certificate of probable cause" (emphasis supplied).
 
 
 11
 The effect of this statute, which could not have been drafted in plainer terms, is clear: a certificate of probable cause is an indispensable prerequisite to an appeal from the District Court to the appropriate Court of Appeals. This has long been recognized by the courts, see, e. g., Wilson v. Lanagan, 79 F.2d 702 (CA1 1935); Hooks v. Fourth District Court of Appeal, 442 F.2d 1042 (CA5 1971), and by distinguished commentators, see, e. g., Blackmun, Allowance of In Forma Pauperis Appeals in § 2255 and Habeas Corpus Cases, 43 F.R.D. 343, 351 (1967). Our cases are not entirely in harmony as to their reasoning on this issue, though all concede that there is no jurisdiction to grant a writ of certiorari where both the District Court and the Court of Appeals have denied a habeas corpus petitioner a certificate of probable cause to appeal. See Bilik v. Strassheim, 212 U.S. 551, 29 S.Ct. 684, 53 L.Ed. 649 (1908); Ex parte Patrick, 212 U.S. 555, 29 S.Ct. 686, 53 L.Ed. 650 (1908); House v. Mayo, 324 U.S. 42, 44, 65 S.Ct. 517, 519, 89 L.Ed. 739 (1945). In House, however, this Court held that although it could not entertain a petition for certiorari, it had jurisdiction under the All Writs Act, currently codified at 28 U.S.C. § 1651, to determine the merits of the habeas petition, as well as whether the Court of Appeals had abused its discretion in denying the petitioner a certificate of probable cause to appeal. Id., at 44-45, 65 S.Ct., at 519. In reaching this conclusion, it relied on a series of cases interpreting the scope of the common-law writ of certiorari under the All Writs Act. See, e. g., Steffler v. United States, 319 U.S. 38, 63 S.Ct. 948, 87 L.Ed. 488 (1943); Wells v. United States, 318 U.S. 257, 63 S.Ct. 582, 87 L.Ed. 746 (1943); In re 620 Church St. Corp., 299 U.S. 24, 57 S.Ct. 88, 81 L.Ed. 16 (1936).
 
 
 12
 This reasoning, however, would seem to conflict with the principles established in United States Alkali Export Assn. v. United States, 325 U.S. 196, 203, 65 S.Ct. 1120, 1125, 89 L.Ed. 1554 (1945), and its companion case De Beers Consolidated Mines, Ltd. v. United States, 325 U.S. 212, 65 S.Ct. 1130, 89 L.Ed. 1566 (1945). These two cases hold that where Congress has withheld appellate review, the All Writs Act cannot be used as a substitute for an authorized appeal. Review by common-law certiorari or any other extraordinary writ is not permissible in the face of a legislative purpose to foreclose review in a particular set of circumstances. Alkali Export, supra, 325 U.S., at 203, 65 S.Ct., at 1125.
 
 
 13
 Congress, in enacting 28 U.S.C. § 2253, has determined that an indispensable prerequisite to an appeal in a habeas corpus proceeding is a certificate of probable cause. The legislative history of this section demonstrates a clear congressional purpose to impose this requirement as a means of terminating frivolous appeals in habeas corpus proceedings. See H.R.Rep.No. 23, 60th Cong., 1st Sess. (1908). Undoubtedly, one of the purposes of § 2253 is to protect the States from the necessity of responding to the volume of frivolous appeals. This purpose is hardly furthered when uncertificated petitioners are permitted to seek common-law writs of certiorari in this Court, thereby imposing a burden upon the States to respond. Where the statutory scheme permits appellate review only upon the issuance of such a certificate, review by extraordinary writ in the absence of a certificate collides with Congress' express purpose to foreclose review.*
 
 
 14
 We should not fear that a more exacting application of § 2253 will result in meritorious petitions for habeas corpus slipping by unobservant or callous Courts of Appeals, thereby evading any review by this Court. Pursuant to § 2253, a Circuit Justice, or this Court itself, may issue a certificate of probable cause. See Rosoto v. Warden, 83 S.Ct. 1788, 11 L.Ed.2d 15 (1963) (Harlan, J., in chambers); In re Hunt, 348 U.S. 968, 75 S.Ct. 536, 99 L.Ed. 754 (1955) (Court denying certificate). Thus, the failure to observe the congressional mandate as to this Court's jurisdiction of a petition for certiorari to a Court of Appeals in the absence of a certificate of probable cause in no way bars consideration of the merits of a petition which any Member of this Court believes to be deserving of a certificate of probable cause.
 
 
 15
 But the practice from which I dissented in Jeffries v. Barksdale, 453 U.S. 914, 101 S.Ct. 3149, 69 L.Ed.2d 998 (1981), in addition to creating more paperwork with no observable change in the results of a case, has at least two singularly undesirable side effects. Presumably a case where a Court of Appeals has refused to grant leave to appeal, and thus has neither examined the accuracy of petitioner's factual assertions nor articulated the reasons for its conclusion that petitioner's legal contentions lack merit, is not an ideal candidate for certiorari here entirely apart from the importance of the issues presented by such a petition. In Conway v. California Adult Authority, 396 U.S. 107, 90 S.Ct. 312, 24 L.Ed.2d 295 (1969), this Court dismissed a writ of certiorari as improvidently granted because the petitioner had misstated the facts in his petition so as to create a purely artificial and hypothetical issue.
 
 
 16
 But an even more important consequence of the disregard of congressional provisions as to our jurisdiction is a tendency to weaken the authority of this Court when it can demonstrate in a principled manner that it has either the constitutional or statutory authority to decide a particular issue. The necessary concomitant of our tripartite system of government that the other two branches of government obey judgments rendered within our jurisdiction is sapped whenever we decline for any reason other than the exercise of our own constitutional duties to similarly follow the mandates of Congress and the Executive within their spheres of authority.
 
 
 
 [1]
 The dissenting opinion makes the entirely unwarranted assumption that United States Alkali Export Assn. v. United States, 325 U.S. 196, 65 S.Ct. 1120, 89 L.Ed. 1554 (1945), and its companion case, De Beers Consolidated Mines, Ltd. v. United States, 325 U.S. 212, 65 S.Ct. 1130, 89 L.Ed. 1566 (1945), decided only a few weeks after House, implicitly overruled that case. In those cases, the petitioners had sought by writs of certiorari interlocutory review of orders issued by Federal District Courts, and the statutes that expressly conferred upon this Court appellate jurisdiction did not provide for interlocutory review. Despite its language that "[t]he writs may not be used as a substitute for an authorized appeal," 325 U.S., at 203, 65 S.Ct., at 1125, the Court reasoned that in both cases there were countervailing interests that so outweighed the interest in avoidance of piecemeal review that review by certiorari was appropriate. The holdings in Alkali and De Beers actually reinforce the holding in House because the interest in granting habeas relief in a deserving case clearly outweighs the interest in terminating frivolous appeals, especially when certiorari petitions are filed with this Court despite the refusals of the lower courts to grant certificates of probable cause. See Oaks, The "Original" Writ of Habeas Corpus in the Supreme Court, 1962 S.Ct.Rev. 153, 187, and n. 158 (distinguishing De Beers from House on the ground that the former involved property rights).
 
 
 [2]
 In Burwell v. Teets, 350 U.S. 808, 76 S.Ct. 98, 100 L.Ed. 726 (1955), and Rogers v. Teets, 350 U.S. 809, 76 S.Ct. 98, 100 L.Ed. 726 (1955), the Court granted writs of certiorari despite the refusals of the lower courts to grant certificates of probable cause. See In re Burwell, 350 U.S. 521, 76 S.Ct. 539, 100 L.Ed. 666 (1956). And in In re Adamson, 334 U.S. 834, 68 S.Ct. 1342, 92 L.Ed. 1761 (1948), the Court denied a petition for certiorari despite the denials by the lower courts of the petitioner's applications for a certificate of probable cause to appeal. See Brown v. Allen, 344 U.S. 443, 537, n. 11, 73 S.Ct. 397, 425, n. 11, 97 L.Ed. 469 (1953) (Jackson, J., concurring in result). For the proposition that House reflects the historically correct view of the scope of the common-law writ of certiorari, see Oaks, supra, at 182-189.
 
 
 [3]
 We do follow the practice in handling our appellate docket of treating appeals that are improperly taken as though they had been filed as petitions for certiorari and then denying them, cf. 28 U.S.C. § 2103; however, it hardly seems necessary to adopt a similar practice in the administration of our discretionary powers over certiorari petitions.
 
 
 [4]
 It is noteworthy that Justice Frankfurter, who was especially scrupulous about jurisdictional matters, considered it entirely appropriate to deny certiorari because of a jurisdictional defect. In his opinion respecting the denial of the petition for writ of certiorari in Maryland v. Baltimore Radio Show, Inc., 338 U.S. 912, 917-918, 70 S.Ct. 252, 254, 94 L.Ed. 562 (1950), he stated:
 "Narrowly technical reasons may lead to denials. Review may be sought too late; the judgment of the lower court may not be final; it may not be the judgment of a State court of last resort; the decision may be supportable as a matter of State law, not subject to review by this Court, even though the State court also passed on issues of federal law. A decision may satisfy all these technical requirements and yet may commend itself for review to fewer than four members of the Court."
 
 
 [5]
 The dissenters place mistaken reliance on Bilik v. Strassheim, 212 U.S. 551, 29 S.Ct. 684, 53 L.Ed. 649 (1908). That decision was a one-line per curiam dismissal for want of jurisdiction of an appeal of the denial of a habeas corpus petition by a state prisoner where the Circuit Court had not granted a certificate of probable cause. The Court relied upon the Act of Mar. 10, 1908, ch. 76, 35 Stat. 40, which provides as follows:
 "[F]rom a final decision by a court of the United States in a proceeding in habeas corpus where the detention complained of is by virtue of process issued out of a State court no appeal to the Supreme Court shall be allowed unless the United States court by which the final decision was rendered or a justice of the Supreme Court shall be of opinion that there exists probable cause for an appeal, in which event, on allowing the same, the said court or justice shall certify that there is probable cause for such allowance." See 212 U.S., at 551, n. 1, 29 S.Ct., at 684, n. 1, 53 L.Ed. 649.
 That Act expressly refers to this Court's jurisdiction over appeals by state prisoners of denials of habeas corpus relief by lower federal courts. Title 28 U.S.C. § 2253, by contrast, refers to the courts of appeals' jurisdiction over such appeals. Section 2253 bears on this Court's jurisdiction only because this Court's certiorari jurisdiction under 28 U.S.C. § 1254 is limited to "[c]ases in the courts of appeals."
 
 
 *
 Although the concurring opinion correctly notes that this Court utilized the common-law writ in Alkali Export, to review an interlocutory order by the District Court, this hardly "reinforce[s] the holding in House [v. Mayo]." Ante, at 913, n. 1. The questions in Alkali Export involved the propriety of an exercise of the District Court's equitable jurisdiction, where there was an apparent conflict between its jurisdiction and that of the agency specifically charged by Congress with the duty of enforcing the antitrust laws under the circumstances present in that case. Thus, the common-law writ was utilized by this Court in Alkali Export only to determine whether the District Court's assumption of jurisdiction conflicted with Congress' intent to foreclose such jurisdiction pending a determination of a particularly sensitive issue by the Federal Trade Commission. Alkali Export, 325 U.S., at 203-204, 65 S.Ct. at 1125. In contrast, use of the common-law writ to review uncertificated petitions does not operate to ensure that a lower court is exercising its jurisdiction in accord with congressional intent. It has precisely the opposite effect of providing uncertificated petitioners with certiorari review in the teeth of a congressional mandate that such review should not be available.