No. 82–6778.   BROWN *v.* HERALD CO., INC., DBA GLOBE DEMOCRAT PUBLISHING CO.   C. A. 8th Cir.;

No. 82–6907.   ALEXANDER *v.* TEXAS ET AL.   Ct. Crim. App. Tex.;

No. 82–6956.   CROSS *v.* SECRETARY OF STATE.   Appeal from Ct. App. Cal., 3d App. Dist.;

No. 83–5040.   ENO ET AL. *v.* UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT ET AL.   C. A. 1st Cir.;

No. 83–5100.   LINFIELD *v.* BOARD OF HIGHER EDUCATION OF THE CITY OF NEW YORK.   C. A. 2d Cir.; and

No. 83–5349.   MILLER *v.* PIERCE, SECRETARY OF HOUSING AND URBAN DEVELOPMENT, ET AL.   C. A. 9th Cir.   Motions of petitioners and appellant for leave to proceed *in forma pauperis* denied.   Petitioners and appellant are allowed until November 21, 1983, within which to pay the docketing fee required by Rule 45(a) and to submit petitions and a jurisdictional statement in compliance with Rule 33 of the Rules of this Court.

JUSTICE BRENNAN, with whom JUSTICE MARSHALL and JUSTICE BLACKMUN join, dissenting.

In each of these cases, the Court has denied petitioner's or appellant's motion to proceed *in forma pauperis* without initially addressing the issue whether the questions presented in the petition for certiorari or jurisdictional statement merit our plenary review—and the Court is apparently announcing today that this will

be our practice in the future.[1]  At a time when at least some of us proclaim that we are sorely pressed for adequate time to do our work, this treatment is both unfair and wasteful, and I respectfully dissent.

Ordinarily, a $200 filing fee must be paid before a petition for certiorari or a jurisdictional statement, properly conforming to the requirements of this Court's Rule 33, may be filed.  This Court's Rule 45.  However, 28 U. S. C. § 1915(a) provides that "[a]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor."  This Court's Rule 46.1, which implements this statute, provides that "[a] party desiring to proceed in this Court *in forma pauperis* shall file a motion for leave to so proceed, together with his affidavit in the form prescribed in Fed. Rules App. Proc., Form 4 . . . setting forth with particularity facts showing that he comes within the statutory requirements."[2]  If the motion is granted, no filing fee is charged, and a single typewritten petition or jurisdictional statement may be filed.

Each year, roughly 1,000 motions supported by affidavit are made for leave to proceed *in forma pauperis*.[3]  These motions usually accompany a petition for a writ of certiorari or a jurisdictional statement, and our practice heretofore has almost always been not to pass on the *in forma pauperis* motion but to proceed directly to grant or deny the petition based on the merits of the questions presented in the petition or statement.  Yet in the instant cases, each of which presents questions so lacking in merit as to have virtually no chance of receiving a plenary hearing, the Court has chosen instead to focus initially on the affidavits supporting the *in forma pauperis* motions and to deny the motions.

---

[1] This new procedure emerged last Term, when in several instances the Court denied parties' motions to proceed *in forma pauperis* because the parties were deemed either not to be sufficiently poor or to have failed to file adequate affidavits.

[2] Rule 46.1 further provides that "if the district court or the court of appeals has appointed counsel under the Criminal Justice Act of 1964, as amended, the party need not file an affidavit."

[3] Approximately 1,000 additional motions are filed in which Rule 46 does not require an affidavit.

This practice simply postpones the determination of the merits of the questions presented until after deficiencies in the *in forma pauperis* motion are corrected or the filing fee is paid. That approach multiplies our work to no purpose.

I cannot concur in this treatment. Not only does the Court fail to provide the parties with any guidance as to how their affidavits may be considered in the future, it also prescribes no standards by which litigants and those screening the motions may determine when an individual is sufficiently poor to warrant a grant of *in forma pauperis* status. The only statement the Court has ever made on this subject is that an affiant must show he is unable to " 'pay or give security for the costs . . . and still be able to provide' himself and dependents 'with the necessities of life.' " *Adkins* v. *E. I. DuPont de Nemours & Co.*, 335 U. S. 331, 339 (1948). This is hardly a meaningful standard; it indeed suggests that a wide array of factors must be considered before ruling on a motion.[4]

But, even with an articulated set of standards against which to make decisions, under today's procedure we lose, not gain. Certainly that should be clear to those of us who perceive that we engage in a never-ending struggle to find time needed for important work. The likely result of disposing of cases as the Court does today will be to encourage parties bringing these motions to resubmit their petitions or appeals with a new affidavit they hope will strike a more sympathetic chord—thus increasing the time we must spend to dispose of frivolous cases. Where it is clear that the merits involved are almost certainly insufficient to demand full review (as has been our experience in all but a handful of *in forma pauperis* cases each year) no purpose is served by indulging in that waste. It is important that we try to avoid the waste of the parties' time, but perhaps even more important that this Court's

---

[4] I note in passing that Form 4 of the Federal Rules of Appellate Procedure does not even call for a description of the debts of the affiant; nor does it call for the affiant's age; nor does it call for an indication of the cost of living in the affiant's place of residence. Hence, I doubt that the Court could successfully develop standards based on the information currently available.

Furthermore, it is no answer that there is a wide range of motions, such as motions for extensions of time, that the Court decides without the aid of explicit standards. Motions to proceed *in forma pauperis* are a special case since they will determine whether an individual gains access to this Court.

time not be used in this unnecessary exercise. As JUSTICE STEVENS has stated in a similar context, "given the volume of frivolous, illegible, and sometimes unintelligible petitions that are filed in this Court, our work is facilitated by the practice of simply denying certiorari once a determination is made that there is no merit to the petitioner's claim." *Davis* v. *Jacobs,* 454 U. S. 911, 914 (1981) (opinion respecting denial of certiorari). What possible justification can support the scrutiny of 1,000 affidavits in support of *in forma pauperis* motions each year? Except, perhaps, in cases of extreme abuse,[5] where a petition or appeal wholly lacks merit, we surely benefit all concerned by relying on that reason for disposing finally of the case. Our time certainly can be spent in more productive effort than the determination of whether a petitioner or appellant is able to pay $200 plus the cost of printing and still provide himself and his dependents with the necessities of life.

JUSTICE STEVENS, dissenting.

Although I agree with JUSTICE BRENNAN that we should simply deny unmeritorious certiorari petitions without scrutinizing the petitioner's right to proceed *in forma pauperis,* I would not *grant* any such petition without making sure that the petitioner is unable to pay the required costs. If such examination disclosed the kind of disrespect for our rules that has motivated the Court's unusual action in these cases, I would deny the petition even if it would otherwise have merited review. That would remove any incentive a petitioner might otherwise have to seek *in forma pauperis* status although ineligible for such status, without requiring the Court to assume the burden of examining every motion for leave to proceed *in forma pauperis.* In borderline cases the petitioner should, of course, be given an opportunity to pay the required costs before final action is taken on his application. I see no purpose, however, in insisting that these petitioners—none of whom is represented by counsel who could advise them that their petitions stand no chance of being granted—pay a fee for the privilege of having their petitions denied.

---

[5] See, *e. g.,* *Unterthiner* v. *Desert Hospital District Of Palm Springs,* No. 82-6765 (approximately $1,000,000 net assets, $2,500 salary per month, and four dependents), *ante,* p. 928.