No. ———.    PROFESSIONAL POSITIONERS, INC., ET AL. *v.* T. P. LABORATORIES, INC.    Motion to direct the Clerk to file a petition for writ of certiorari with an appendix that does not comply with the Rules of this Court denied.    JUSTICE O'CONNOR would grant the motion.

JUSTICE STEVENS, with whom JUSTICE BLACKMUN joins, dissenting.

Rule 33.1(d) generally requires that documents filed with this Court be reproduced on paper 6⅛ by 9¼ inches in size, with margins of ¾ inch, to be bound along the left margin "so as to make an easily opened volume, and no part of the text shall be obscured by the binding."    It provides, however, that "appendices in patent cases may be duplicated in such size as is necessary to utilize copies of patent documents."

Certain patent documents in this case could not be reproduced on paper 6⅛ by 9¼ inches in size without violating the other requirements of the Rule.    Hence, it seems, at least, that petitioner Professional Positioners, Inc., may reproduce those documents on larger paper.    Petitioner now moves that "it be permitted to file a single appendix containing both the patent in suit and the decisions of the two courts below rather than preparing separate appendices," arguing that it would be "more convenient for the court to have a single appendix" and would be "unduly clumsy and ex-

pensive to prepare a separate appendix solely for the opinions below of a size different than the appendix containing the patent."

No set of procedural rules can anticipate every problem that may arise in litigation. Courts must therefore retain the power to grant exceptions when a litigant's request fully accommodates the court's needs and when strict compliance would be wasteful. This movant's request to submit a single appendix on the same size paper as the patent at issue is perfectly reasonable and should be granted.

Presumably the Court has denied the motion because it believes the value of the time saved by simply requiring literal compliance with all of its Rules in all cases will outweigh the cost of occasional inconvenience and undue expense. My experience has persuaded me, however, that motions of this kind can be fairly processed so rapidly that the cost of exercising judgment and common sense will not only be trivial, but will actually produce a net savings to the Court in the long run. Surely less time would be spent than the Court has recently devoted to a careful scrutiny of every debatable motion to proceed *in forma pauperis*. See generally *Brown* v. *Herald Co.*, 464 U. S. 928, 931 (1983) (STEVENS, J., dissenting). I would grant petitioner's sensible motion.

I respectfully dissent.