WRENN *v.* BENSON ET AL.

No. 88–6494.   Decided April 17, 1989*

PER CURIAM.

On March 27, 1989, we denied *pro se* petitioner Curtis Wrenn's request to proceed *in forma pauperis* under this Court's Rule 46.1 in filing petitions for certiorari in *Wrenn v. Benson* and *Wrenn v. Ohio Dept. of Mental Health,* 489 U. S. 1095.   Since October Term 1986, petitioner has filed 22 petitions for certiorari with the Court.   We denied him leave to proceed *in forma pauperis* with respect to 19 of those petitions, and he paid the docketing fee required by this Court's Rule 45(a) on one occasion.[1]   He also filed one petition for rehearing.[2]

---

*Together with No. 88–6497, *Wrenn v. Department of Mental Health of Ohio,* also on motion for leave to proceed *in forma pauperis.*

[1] See *Wrenn v. Benson* and *Wrenn v. Ohio Dept. of Mental Health,* 489 U. S. 1095 (1989) (IFP status denied); *Wrenn v. New York City Health &*

This Court's Rule 46.1 requires that "[a] party desiring to proceed in this Court *in forma pauperis* shall file a motion for leave to so proceed, together with his affidavit in the form prescribed in Fed. Rules App. Proc., Form 4 . . . setting forth with particularity facts showing that he comes within the statutory requirements." Our decision to deny a petitioner leave to proceed *in forma pauperis* is based on our review of the information contained in the supporting affidavit of indigency.[3] In petitioner's case, a review of the affi-

---

*Hospitals Corporation* and *Wrenn v. United States District Court,* 489 U. S. 1008 (1989) (same); *Wrenn v. Thornburgh,* 488 U. S. 1039 (1989) (same); *Wrenn v. Bowen,* 488 U. S. 1028 (1989) (same); *Wrenn v. Commissioner,* 486 U. S. 1041 (1988) (same); *Wrenn v. Gould,* 484 U. S. 1067 (1988) (same; paid docketing fee required by this Court's Rule 45(a) and submitted petition in compliance with Rule 33); *Wrenn v. Gould,* 484 U. S. 961 (1987) (IFP status denied); *Wrenn v. Board of Directors, Whitney M. Young, Jr., Health Center, Inc.,* and *Wrenn v. Bowen,* 484 U. S. 894 (1987) (same); *Wrenn v. Capstone Medical Center,* 483 U. S. 1003 (1987) (same); *Wrenn v. Weinberger,* 481 U. S. 1047 (1987) (same); *Wrenn v. Christian Hospital NE–NW,* 479 U. S. 1081 (1987) (same); *Wrenn v. McFadden,* 479 U. S. 1028 (1987) (same); *Wrenn v. Ohio Dept. of Mental Health,* 479 U. S. 1016 (1986) (same); *Wrenn v. Ohio Dept. of Mental Health,* 479 U. S. 981 (1986) (same); *Wrenn v. Missouri,* 479 U. S. 981 (1986) (same); *Wrenn v. Ohio Dept. of Mental Health,* 479 U. S. 928 (1986) (same); *Wrenn v. Ohio Dept. of Mental Health,* 479 U. S. 809 (1986) (same); *Wrenn v. St. Charles Hospital,* 477 U. S. 907 (1986); *Wrenn v. Walters,* 475 U. S. 1128 (1986).

[2] *Wrenn v. Gould,* 485 U. S. 1015 (1988).

[3] The Clerk of the Court provides the following Form 4 affidavit to those who seek assistance in drafting *in forma pauperis* papers:

"I, [John Doe], being first duly sworn, depose and say that I am the petitioner in the above-entitled case; that in support of my motion to proceed without being required to prepay fees, costs, or give security therefor, I state that because of my poverty I am unable to pay the costs of this case or to give security therefor; and that I believe I am entitled to redress.

"I further swear that the responses which I have made to the questions and instructions below relating to my ability to pay the cost of proceeding in this Court are true.

"1. Are you presently employed?

davits he has filed with his last nine petitions for certiorari indicates that his financial condition has remained substantially unchanged.[4]  The Court denied him leave to proceed *in forma pauperis* with respect to each petition.  Petitioner has nonetheless continued to file for leave to proceed *in forma pauperis*.

"a. If the answer is yes, state the amount of your salary or wages per month and give the name and address of your employer.

"b. If the answer is no, state the date of your last employment and the amount of salary or wages per month which you received.

"2. Have you received within the past twelve months any income from a business, profession or other form of self-employment, or in the form of rent payments, interest, dividends, or other sources?

"a. If the answer is yes, describe each source of income and state the amount received from each during the last twelve months.

"3. Do you own any cash or checking or savings account?

"a. If the answer is yes, state the total value of the items owned.

"4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?

"a. If the answer is yes, describe the property and state its approximate value.

"5. List the persons who are dependent upon you for support and state your relationship to those persons.

"I understand that a false statement or answer to any question in this affidavit will subject me to penalties for perjury."

[4] See *Wrenn* v. *Benson* and *Wrenn* v. *Ohio Dept. of Mental Health*, 489 U. S. 1095 (1989) ($2,309.67 per month in salary; $46 in cash; $72,000 home; $250 savings bond; 4 dependents); *Wrenn* v. *United States District Court* and *Wrenn* v. *New York City Health & Hospitals Corporation*, 489 U. S. 1008 (1989) ($1,390.20 per month in salary; $72 in cash; $72,000 home; $250 savings bond; 4 dependents); *Wrenn* v. *Thornburgh*, 488 U. S. 1039 (1989) ($1,390.20 per month in salary; $72 in cash; $72,000 home; $250 savings bond; 4 dependents); *Wrenn* v. *Bowen*, 488 U. S. 1028 (1989) ($2,309.67 per month in salary; $46 in cash; $72,000 home; $250 savings bond; 4 dependents); *Wrenn* v. *Commissioner*, 486 U. S. 1041 (1988) ($1,073 per month in salary; $14,496 per year in retirement benefits; $42 in cash; $72,000 home; 4 dependents); *Wrenn* v. *Gould*, 484 U. S. 961 (1987) ($1,073 per month in salary; $8,400 per year in retirement benefits; $61 in cash; $72,000 home; 4 dependents); *Wrenn* v. *Bowen*, 484 U. S. 894 (1987) ($1,073 per month in salary; $8,400 per year in retirement benefits; $61 in cash; $72,000 home; 4 dependents).

In *In re McDonald*, 489 U. S. 180, 184 (1989), we said: "Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." We do not think that justice is served if the Court continues to process petitioner's requests to proceed *in forma pauperis* when his financial condition has not changed from that reflected in a previous filing in which he was denied leave to proceed *in forma pauperis*.

We direct the Clerk of the Court not to accept any further filings from petitioner in which he seeks leave to proceed *in forma pauperis* under this Court's Rule 46.1, unless the affidavit submitted with the filing indicates that petitioner's financial condition has substantially changed from that reflected in the affidavits submitted by him in *Wrenn* v. *Benson* and *Wrenn* v. *Ohio Dept. of Mental Health*, 489 U. S. 1095 (1989).

*It is so ordered.*

JUSTICE BRENNAN, with whom JUSTICE MARSHALL joins, dissenting.

I dissent from this order for the reasons stated in *In re McDonald*, 489 U. S. 180, 185 (BRENNAN, J., dissenting), and in *Brown* v. *Herald Co.*, 464 U. S. 928 (1983) (BRENNAN, J., dissenting).

JUSTICE STEVENS, dissenting.

Because I believe the preparation and enforcement of orders of this kind consume more of the Court's valuable time than is consumed by the routine denial of frivolous motions and petitions, see *In re McDonald*, 489 U. S. 180, 185 (1989) (BRENNAN, J., dissenting); *Brown* v. *Herald Co.*, 464 U. S. 928 (1983) (BRENNAN, J., dissenting); *id.*, at 931 (STEVENS, J., dissenting), I respectfully dissent.