ON RETURN TO REMAND
BOWEN, Judge.
Following our reversal, 531 So.2d 323, the circuit court filed a return to remand showing an “amended order of prohibition.” The substance of that order is as follows:
“The defendant is hereby prohibited from filing any paper of any kind with the court, (1) except regarding complaints, claims, or grounds of relief which arose after November 9, 1987, the date of the defendant’s last Rule 20 petition, and which did not exist before said date and, (2) except regarding such pre-exist-ing claims, complaints, or. grounds as could not have been discovered through the exercise of reasonable diligence before said date. No paper filed with this court by this defendant can exceed three pages in length, typed and doublespaced. If the defendant seeks to file lengthier materials with this court, he must apply to this court for leave to do so by a document complying with the restrictions in this order. The defendant shall not file any paper with this court unless it is typewritten in type no smaller than elite type and unless it is double-spaced on paper measuring eight and one half inches in width and eleven inches in length, and with margins no less than one inch in width along the top, bottom, left, and right edges of the paper, with no typing intruding into the margins, and with the typing confined to one side of each page. Except as to claims of actual or threatened physical harm to the defendant, he shall not proceed in forma pau-peris. The defendant shall not file any paper asking this court to modify any sentence heretofore imposed on the defendant in any of these cases. The defendant shall not file more than one paper every sixty days with this court. The defendant shall not file any frivolous claim, complaint, or ground with this court. The defendant shall not file any paper with this court unless the paper contains the defendant’s statement, verified under oath, attested by a notary public, with a jurat in proper form, first, that all facts stated in the paper are true and, second, that the paper complies with all of the restrictions contained in this amended order of prohibition.
“The defendant’s violating any of the restrictions in this amended order of prohibition shall be deemed contempt of court and shall be punished accordingly; provided, however, that the defendant may also be prosecuted and punished for perjury in the event he commits it in any paper filed with this court.”
*170 We view these restrictions as reasonable within the context of this case. See Wrenn v. Benson, — U.S. -, 109 S.Ct. 1629, 104 L.Ed.2d 80 (1989); In re McDonald, — U.S. -, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989).
The judgment of the circuit court is affirmed.
OPINION EXTENDED; AFFIRMED.
All Judges concur.