The compensation of the Special Master, the allowances to him, the compensation paid to his legal, technical, stenographic, and clerical assistants, the cost of printing his report, and all other proper expenses, including travel expenses, shall be charged against and be borne by the parties in such proportion as the Court may hereafter direct.

JUSTICE MARSHALL took no part in the consideration or decision of this order. [For earlier order herein, see, e. g., 493 U. S. 971.]

No. 90–394. CLINTON, GOVERNOR OF ARKANSAS, ET AL. v. JEFFERS ET AL. Appeal from D. C. E. D. Ark. The Solicitor General is invited to file a brief in this case expressing the views of the United States.

No. 90–5759. IN RE GOLUB. Motion of petitioner for leave to proceed in forma pauperis denied. Petitioner is allowed until December 4, 1990, within which to pay the docketing fee required by Rule 38(a) and to submit a petition in compliance with Rule 33 of the Rules of this Court.

JUSTICE MARSHALL, JUSTICE BLACKMUN, and JUSTICE STEVENS, dissenting.

For the reasons expressed in Brown v. Herald Co., 464 U. S. 928 (1983), we would deny the petition for writ of mandamus without reaching the merits of the motion to proceed in forma pauperis.

No. 90–5765. CARY v. KIRK ET AL. C. A. 4th Cir. Motion of petitioner for leave to proceed in forma pauperis denied. Petitioner is allowed until December 4, 1990, within which to pay the docketing fee required by Rule 38(a) and to submit a petition in compliance with Rule 33 of the Rules of this Court.

JUSTICE MARSHALL, JUSTICE BLACKMUN, and JUSTICE STEVENS, dissenting.

For the reasons expressed in Brown v. Herald Co., 464 U. S. 928 (1983), we would deny the petition for writ of certiorari without reaching the merits of the motion to proceed in forma pauperis.

No. 90–5980. IN RE GIBSON. Petition for writ of habeas corpus denied.

No. 90–5775. IN RE DOUGHTY ET AL.; and
No. 90–5779. IN RE KALTENBACH. Petitions for writs of mandamus denied.