919 F.2d 140
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael FRIEND, Plaintiff-Appellant,
v.
Tony C. WILLIAMS; Al C. Parke; Lt. G. Bentley; C. Doyle;
Terry Haynes; E.G. Houchins; John T. Wigginton,
Defendants-Appellees.
 No. 90-5097.
 United States Court of Appeals, Sixth Circuit.
 Nov. 30, 1990.
 
 Before BOYCE F. MARTIN, Jr., and NATHANIEL R. JONES, Circuit Judges; and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Michael Friend, a pro se Kentucky prisoner, appeals from the district court's order dismissing these consolidated civil rights actions filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking damages and injunctive relief, Friend sued various employees of the Kentucky State Reformatory alleging that: (1) they deprived him of 30 days good time credit as well as honor housing status based upon an improper disciplinary conviction for being in a restricted area; (2) they denied him access to his legal mail; and (3) they denied him access to medical treatment for his diabetic condition.
 
 
 3
 On March 21, 1989, a magistrate recommended that summary judgment be granted in favor of defendants and that Friend be denied in forma pauperis status in future Sec. 1983 civil rights actions involving medical treatment for his diabetic condition. The magistrate's recommendation was based upon his conclusion that Friend's assertions of unconstitutional conduct were meritless and upon Friend's seven prior actions concerning the medical treatment for his diabetes, all of which were dismissed as frivolous. After de novo review of the magistrate's report, and in light of Friend's failure to file objections, the district court adopted the magistrate's recommendation on September 28, 1989. On October 6, 1989, Friend filed a motion seeking to alter, amend, or vacate the district court's judgment pursuant to Fed.R.Civ.P. 59, 60 and 72. Following a review of Friend's generalized assertions, the district court denied the motion on December 19, 1989. Friend has filed a timely appeal, challenging both the grant of summary judgment and the prohibition of future in forma pauperis claims involving medical treatment for his diabetic condition. Friend requests the appointment of counsel in his brief on appeal.
 
 
 4
 Upon review, we affirm the district court's judgment for the reasons stated in the magistrate's report and recommendation dated March 21, 1989, as adopted by the district court in its order dated September 28, 1989.
 
 
 5
 Summary judgment was properly granted for defendants because the record shows that there is no genuine issue as to any material fact and that defendants are entitled to judgment as a matter of law. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 6
 Moreover, because Friend has abused his in forma pauperis status by filing seven previous, frivolous Sec. 1983 actions concerning the medical treatment for his diabetes, the district court properly denied him in forma pauperis status in similar Sec. 1983 actions in the future. See Wrenn v. Benson, 490 U.S. 89, ----, 109 S.Ct. 1629, 1631 (1989) (per curiam); In re McDonald, 489 U.S. 180, ----, 109 S.Ct. 993, 996 (1989) (per curiam).
 
 
 7
 Accordingly, Friend's request for the appointment of counsel is denied and the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.