O’BRIEN, J.,
dissenting.
I have no quarrel with majority’s resolution of the merits. I object to reaching the merits before Matthews paid the necessary filing and docketing fees. Such an approach is not in keeping with the language or spirit of 28 U.S.C. § 1915. “The statute [allowing a litigant to proceed in forma pauperis ] was intended for the benefit of those too poor to pay or give security for costs.... ” Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 344, 69 S.Ct. 85, 93 L.Ed. 43 (1948). While a litigant need not be “absolutely destitute,” “an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life.” Id. at 339, 69 S.Ct. 85 (quotations omitted).[1]
Nevertheless, a court “shall dismiss ” a case “at any time” if: “the allegation of poverty is untrue; the case is frivolous or malicious; the case fails to state a claim on which relief may be granted; or a party seeks monetary relief against a defendant who is immune from such relief.” 28 U.S.C. § 1915(e)(2) (emphasis added). Thus, we are directed to review the litigant’s request to proceed in forma pauperis (ifp) at the commencement of the action or appeal to determine whether the litigant is entitled to the benefits of the statute.[2]
The statute requires dismissal of a case or appeal if the court finds the litigant is not sufficiently poor to qualify. See Lee v. McDonald’s Corp., 231 F.3d 456, 459 (8th Cir.2000); 28 U.S.C. § 1915(e)(2). The court need not address the substantive claims to determine an ability to pay.[3] A review of the required affidavit often can reveal the litigant’s financial eligibility, thereby protecting the public against misuse of public funds by a non-eligible litigant.[4]
*285 Even a cursory review of Matthews’ affidavit reveals his “allegation of poverty is untrue” — he is not indigent and should not be permitted to proceed ifp. Matthews’ affidavit says he is “self-employed,”[5] averaging $10,000 per month in income. His wife has a $70,000 per year job. They own a $460,000 home (on which $460,000 is owed), a 1996 Jeep Cherokee valued at $8,000 ($2,700 owed), a 2004 van valued at $4,200 ($3,000 owed) and a $10,000 “Harley” ($9,000 owed). He states his monthly expenses (including his house and car payments) are $6,440.00.[6] Matthews claims he can pay no monthly amounts toward the fees for his appeal. But, according to his own financial statements, after his expenditures he nets approximately $3,000 a month. Surely, he could pay his filing fee “and still be able to provide himself and [his] dependents with the necessities of life.” Adkins, 335 U.S. at 339, 69 S.Ct. 85 (quotations omitted).
The majority’s after-the-fact-requirement for payment of statutory filing and docketing fees is a sly wink and a nod at the relevant statutes. Having received a merits decision, Matthews has no incentive to pay the fees and likely will not. Following the Supreme Court’s lead, we should have denied the request to proceed ifp on appeal and allowed Matthews twenty days to pay the necessary fees as a precondition to consideration of his appeal. Accordingly, I dissent.

. Section 1915(a)(1) provides in relevant part: [A]ny court of the United States may authorize the commencement, prosecution or defense of any ... appeal ... without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
(Emphasis added).

. Matthews filed a request to proceed ifp on appeal with the district court. The district court conditionally denied the motion because Matthews failed to attach a financial affidavit. The district court gave him time to correct the deficiencies, but he failed to do so. Instead, he filed with this Court a new request to proceed ifp on appeal. He included the proper forms. See Rule 24(a)(4) and (5) of the Federal Rules of Appellate Procedure.

. But once the indigent status of the litigant is determined, the remaining requirements (frivolous, malicious, failure to state a claim, etc.) assure that proceeding ifp will not fund the filing of inappropriate lawsuits from the public purse. 28 U.S.C. § 1915(e)(2).

. However, there is no statutory language preventing a court from allowing the litigant a certain time in which to pay the filing fees in order to avoid dismissal. It appears this is the procedure used by the Supreme Court. In Brown v. Herald Co., Inc., 464 U.S. 928, *285 104 S.Ct. 331, 78 L.Ed.2d 301 (1983), the Court issued an order in six separate cases denying ifp status and allowing the litigants twenty days in which to pay the filing fees. In dissent Justice Brennan, joined by Justices Blackmun and Marshall, wrote: "In each of these cases, the Court has denied petitioner’s or appellant’s motion to proceed in forma pauperis without initially addressing the issue whether the questions presented in the petition for certiorari or jurisdictional statement merit our plenary review — and the Court is apparently announcing today that this will be our practice in the future.” Id. at 928-29, 104 S.Ct. 331. Brown has been cited in dissent in no less than 220 Supreme Court denials of ifp through 1989. Justice Stevens joined the dissenters in 1987. See Gelb v. Royal Globe Ins. Co., 479 U.S. 1081, 107 S.Ct. 1280, 94 L.Ed.2d 139 (1987).

. Elsewhere on his affidavit he states he is "unemployed.” (Aff. at 3.)

. Conveniently, the affidavit divides his and his wife’s respective contributions to the family obligations as follows: he pays $3,200 of the mortgage while his wife pays $200; he pays $500 per month in utilities while his wife pays $200; he pays $50 per month for home maintenance, his wife pays nothing; he pays $700 per month in transportation, his wife pays $200; he pays $40 per month for recreation, his wife pays nothing; they share equally the cost of food at $300 each per month; he pays the homeowners insurance ($200 per month) and the real estate taxes ($650 per month), she pays $700 per month for auto insurance. In sum, he pays $6,440 and she pays $2,725 in monthly necessities. (Aff. at 7.)